'(100 South. 679)

No. 26481.

## CAMPBELL v. RICHMOND INS. CO.

## In re CAMPBELL.

(May 5, 1924.   Rehearing Denied by Whole Court June 6, 1924.)

*(Syllabus by Editorial Staff.)*

Insurance ⊚═282(8)—Holder of contract for deed not owner of "fee-simple title."

One holding contract for deed upon payment of installments was not owner in "fee-simple" within meaning of fire policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fee Simple.]

Action by S. J. Campbell against the Richmond Insurance Company. Judgment for partial relief, which was affirmed by Court of Appeal, and plaintiff brings certiorari. Affirmed.

Jess Johnson, of Baton Rouge, and F. Wilfred Gaudin, of New Orleans, for applicant.

H. Payne Breazeale, of Baton Rouge, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for defendant.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J.   On plaintiff's application, defendant issued to him a fire insurance policy on a building located on lot 10, square 16, Prosperity subdivision, Baton Rouge, La. The amount of the policy was $600, for which a premium of $9 was paid.

On the night of February 8, 1922, the building was destroyed by fire. Defendant refused to pay the policy, and plaintiff brought suit for $600, the amount of the policy; for $150 attorney's fees; for $9, the amount of the premium paid; and for 12 per cent. damages. Defendant filed its answer; the case was tried; and the trial resulted in a judgment in favor of plaintiff for only $9, the amount of the premium paid by him. Plaintiff then appealed to the Court of Appeal for the First Circuit. The appeal resulted in the affirmance of the judgment rendered by the trial court. Plaintiff then applied to this court to review the judgment of the Court of Appeal, and a writ was granted for that purpose.

The policy sued on contains, among other provisions, the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be a building on ground not owned by the assured. in fee simple."

The sole evidence of defendant's title to the lot on which the building insured was located, if he had any title to that lot, is a document reading as follows:

"For and in consideration of three hundred and sixty dollars of which Bacon & Johns have received in cash the sum of twenty dollars, and the remainder of which is to be paid to us in thirty-four monthly installments of ten dollars due respectively on the 20th day of March, 1921, and monthly thereafter, at 28 Reymond Bldg., in the city of Baton Rouge, La., with interest at the rate of 6 per cent. per annum on each installment from date until paid, we hereby agree to sell. to S. J. Campbell, route 4, the following described property, to wit:

"Lots 9 and 10 block 16 of Suburb Prosperity of East Baton Rouge parish, La.

"And the said purchaser agrees and obligates himself to purchase said property for the price and upon the terms above stipulated, and to pay all taxes or other assessments on said property and the premiums on the insurance on the improvements thereon, within ten days after being notified by the seller that same are due.

"Any failure on the part of said purchaser to pay said taxes or premiums on insurance as above stipulated, or to pay any two of said installments at maturity, or the interest as herein stipulated, shall, at the option of the seller, and without further demand or putting in default and as a penalty abrogate and annul this contract; in which event all sums paid to said Bacon & Johns shall be considered as rental for the use of said property, and any buildings or other improvements on said property shall remain and become the property of said Bacon & Johns."

Soon after the execution of the foregoing instrument, plaintiff went into possession of the lots therein described and erected a building on one of them, to wit, on lot 10. It was to insure this building that the policy sued on was written. At the time of the fire, plaintiff had not paid all of the installments called for by the contract quoted, and the same, therefore, was necessarily true when the policy was issued.

The chief defense, and the one sustained by the Court of Appeal, is that defendant did not own, in fee simple, the lot on which the building insured was located, and hence is not entitled to recover the amount of the policy under its terms.

As to whether or not that defense is well founded depends upon the effect to be given to the contract entered into between plaintiff and Bacon & Johns. That contract is the only evidence relied upon by plaintiff to show title in himself to the lot in question. Hence, if by virtue of it plaintiff did not become the owner of lot 10, in fee simple, then that defense is well founded; but if, upon the other hand, he did, then the defense should not be sustained.

The case of Trichel v. Home Insurance Co., 155 La. 459, 99 South. 403, No. 24,944, involved a question not unlike the one here submitted. In that case the policy contained a clause avoiding it, if the interest of the insured in the property, forming the subject of the contract, should be other than "unconditional and sole ownership." After the issuance of the policy, the insured entered into a contract reading substantially as follows:

"That the said Trichel (the insured) agrees to convey by deed of warranty to the said Mrs. W. G. Cavell, the following described property * * * upon the payment to the said Trichel by the said Mrs. Cavell of $5,760, as follows: $900 cash in hand paid, and the balance at the rate of $50 per month with interest from sale. Whenever the said Mrs. Cavell shall have reduced the principal to such an amount as she can (and will) borrow from a certain building association, said Trichel agrees to make said warranty deed, on being paid said balance. Failure of said Mrs. Cavell to meet any payment within 60 days after the same becomes due shall entitle said Trichel to annul this contract and forfeit all previous payments, as rent and liquidated damages for possession of the premises."

The contention of the insurance company was that this contract operated a change of title, or of interest, and that its effect, therefore, was to annul the policy.

After reviewing the jurisprudence on the question as to whether such a contract operated a change of title, this court said:

"* * * Our conclusion is that any agreement for the sale of real estate, which is not intended to be the final writing between the parties, but on the contrary, to be followed by another and final deed, is a mere promise of sale and not a sale, and does not transfer the title to said property; unless it clearly appear that the parties contemplated that the new deed should be only confirmatus of the first and not indispensable for the transfer of title."

In the foregoing case, the court found that the contract between Trichel and Mrs. Cavell was not final, but was to be followed by a formal deed, to be given under certain conditions, and hence held that it did not operate a change of title; and therefore did not work a forfeiture of the policy.

In our view the contract between plaintiff, in the case at bar, and Bacon & Johns, shows that it was not intended that the contract entered into by them should be the final instrument between them; but, to the contrary, its language unmistakably shows that it was the intention of the parties that a deed should be

executed by Bacon & Johns, transferring the lots to plaintiff upon his complying with certain conditions. Hence, under the ruling in the Trichel Case, which is supported by ample authority, the contract, mentioned, is only a promise of sale; and therefore is not translative of property. As the contract was not translative of property, it follows that Bacon & Johns remained the owners of the lot on which the building insured was located. As it appears that they were still such when the policy was issued and when the fire occurred, it follows that plaintiff cannot be considered at either time to have been the owner, in fee simple, of lot 10. He had no title to it whatever. Hence he can recover nothing more than the premium paid by him, which premium defendant concedes to be due him.

We have considered the authorities from other jurisdictions, cited by plaintiff, holding that in a case, such as the present, there may be a recovery. The effects, however, flowing from a contract, such as the one with Bacon & Johns, here considered, are different in those jurisdictions from what they are here. Hence the authorities mentioned cannot be followed in this state.

For the reasons assigned, the judgment of the Court of Appeal is affirmed; plaintiff to pay costs.

Rehearing refused by the Whole Court.