## MORTALLARO v. HARTFORD FIRE INS. CO. OF HARTFORD, CONN.

(March 18, 1929. Opinion and Decree.)
(April 15, 1929. Rehearing Refused.)

Guy J. D'Antonio, of New Orleans, attorney for plaintiff, appellant.

Spencer, Gidiere, Phelps and Dunbar, of New Orleans, attorneys for defendant, appellee.

JONES, J. The Hartford Fire Insurance Company issued to plaintiff, a policy insuring him against loss by fire to the amount of $900.00 on a single two-story house situated on Louisville Street in the City of New Orleans.

The building was destroyed by fire on February 15, 1926, and the defendant insurance company has refused to pay the loss because the plaintiff did not own the land on which the building stood. The insurance policy contains the following clause:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple."

It is admitted that the plaintiff did not own the lot of ground upon which the building stood. In fact, it is so alleged in Article III of his petition and there is no doubt that a violation of the above quoted clause of the policy results in avoiding the policy. Campbell vs. Richmond Ins. Co., 156 La. 455, 100 So. 679.

The contention is made that the defendant insurance company has waived the foregoing provision of the policy or is estopped to plead it.

Thus, the only question is one of fact: Did the insurance company waive the provision of the policy in reference to the building standing on land owned by the insured, or is the insurance company for any reason estopped from setting up this provision of the policy as a defense to this suit?

The trial court dismissed the suit.

Plaintiff's case rests upon the testimony of Mrs. Mortallaro and of her brother, Peter Stripoli, and of a friend of her brother, Henry Matranga. Their testimony is conflicting and improbable.

The defense is sustained by the evidence of the Insurance Agent and his chief clerk, who had been with him for twelve years, and by all the probabilities of the case.

A careful examination of the entire record convinces us that the judgment was correct, and it is therefore affirmed.