No. 682

First Circuit

SIGREST v. FEDERAL INSURANCE CO.

(June 30, 1930. Opinion and Decree.)

Ott & Rich, of Bogalusa, attorneys for plaintiff, appellee.

Harvey E. Ellis, of Covington, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for defendant, appellant.

MOUTON, J. Household and personal effects belonging to plaintiff were destroyed in a fire which burned plaintiff's home in Bogalusa, May 8, 1929. The articles thus destroyed were covered by a fire insurance policy issued to plaintiff by defendant company.

Plaintiff is suing for $400 face value of the policy also for 12 per cent damages on the loss, and attorney's fees for which judgment was rendered in his favor. Defendant appeals.

Two defenses were set up by defendant company, first, that plaintiff had breached the safe flue warranty by building a cement or metal flue in the building in violation of the terms of the policy; and, second, because in violation of a warranty in the policy dynamite was kept or allowed on the premises at the time of the fire.

During the trial defendant company offered evidence tending to show that plaintiff had purposely set fire to the dwelling in which the articles insured were at the

time of the fire. Upon objection made to the admissibility of such proof under defendant's answer, the court permitted its introduction to test the credibility of the plaintiff as a witness. In that respect the testimony was admissible, but was not as a defense to avoid liability on the part of the defendant, as it had made no plea upon which such a contention could be based.

We shall therefore restrict ourselves in the consideration of this ·case to ·a review· of the pleas in avoidance of the contract of insurance for breach of warranties urged by. defendant and hereinabove referred to.

The proof shows that, contrary to the warranties of the insurance policy, a cement or metal flue was installed in the building, and also that four or five sticks of dynamite had been kept on the premises. It may be that the materiality of the things warranted were of no consequence, but they were, however, made of intrinsic. importance by the agreement of the parties by which plaintiff would have been legàlly bound under the terms of the contract as these contracts were construed prior to Act No. 222 of 1928, p. 291.

That act has made a change in the rule of law which generally governed contracts of insurance in reference to the breach of warranties prior to the enactment of that statute, in which it is provided that no breach of warranty will avail the insurer to avoid liability "unless such breach shall exist at the time of the loss and shall be such a breach as would increase either the moral or physical hazard under the policy."

·"It is proper to state here, without any comment, that the installation of the cement flue in the building or the keeping therein of· a few sticks of dynamite could have no effect on the moral hazard· of the policy; and that we shall therefore limit our observations to the question as to whether there were any increase of the physical hazard referred to in the clause of the statute above quoted.

There is a conflict of views between counsel for plaintiff and defendant in reference to the burden of proof on the issue of the breach of warranty. The act says that the breach will not avail the insurer to avoid liability, unless it appears that it has increased the moral or physical hazard under the contract.

Defendant company pleads a breach of the warranties in bar of plaintiff's recovery, and, in order to avoid liability, we think that it carried the burden to show that the breach had increased the physical hazard spoken of in the act. The defendant company has offered no evidence to prove that there had been any increased physical hazard which could have resulted from the erection of the cement or metal flue, or from the fact that the dynamite sticks were on the premises at the time of the fire. It was shown by plaintiff that the cement or metal flue installed in the ·building was as safe as any flue built with mortar and brick, and that there had been no increase in the physical hazard on that account. It was shown that plaintiff was working as a foreman for the city of Bogalusa, and that in the performance of his services as such had occasion quite frequently to use sticks of dynamite to blow up stumps, etc., for the municipality. The four or five sticks of dynamite which were found on the premises after the fire, it was shown, had been placed there some five or six years before. They had dried up considerably, and were harmless, as was established by the evidence, which furthermore shows that they were without caps, would not have burned if thrown in the fire, and could not have been exploded except per-

haps by electric shock or vigorous hammering.

It was testified to by some witnesses that an explosion or explosions had been heard during the fire, but this explosion, or whatever it was, could not have been from the dynamite which was found around the premises after the dwelling had been partially burned down. Besides, it was shown by plaintiff that he had placed a few gun shells in a trunk which, the evidence shows, had some holes bored through it during the fire.

One of the witnesses said he had heard explosions which he thought were pistol shots. No doubt these shots were from the shells that plaintiff says he had concealed in the trunk as a protection to his children. In addition to the foregoing, it was shown that the room where the cement or metal flue had been built, and where the dynamite had been stored, was not burned, the fire having destroyed another part of the house.

Whether the burden of proof, to which we have referred, rested on plaintiff or defendant, the evidence shows that the installation of the flue or the keeping of the dynamite on the premises did not have the effect of increasing the physical hazard under the policy, and were certainly not the cause of the fire as the room in which they were had not been destroyed by the fire.

The proof shows that the effects destroyed were worth $400, face value of the policy, for which amount judgment was correctly rendered against defendant. Attorney's fees for $100 were also decreed in favor of plaintiff.

Act No. 168 of 1908, p. 226, provides for the recovery of reasonable attorney's fees for the collection of the loss in such cases.

Counsel for defendant say that the court was in error in granting attorney's fees in this case, as there was no proof in the record as to what would be reasonable attorney's fees, and contend that it had been so held in Thompson vs. State Assurance Co., 160 La. 683, 107 So. 489.

A full review was given to this question by Chief Justice O'Niell, organ of the court, in Hunt vs. Hill, 138 La. 583, 70 So. 522, 523. He cites in the opinion, first, the early case of Dorsey vs. His Creditors, 5 Mart. (N. S.) 399, where the court said:

"As the services to be thus compensated are rendered under the eye of the court, the taxation ought to be made on its own responsibility, which ought not to be shifted from the bench on the bar, as it appears to have been done in this case, in which the decision is made on the opinion of attorneys that the charge is moderate, and but reasonable."

He cites, among many other decisions, the cases reported in Randolph, Singleton & Broune vs. Carroll, 27 La. Ann. 467, and Succession of Rabasse, 51 La. Ann. 590, 25 So. 326, where the court says it reserves to itself the right of making a conscientious estimate of the services performed, but will fix the amount of attorney's fees, without reference to the opinions of witnesses. In some of the cases the ruling of the court was not so sweeping and emphatic, but in most all of them it will be found that the court would not relinquish its authority as a question of law to fix its own estimate of the reasonableness of the attorney's fees.

Reference was also made by the Chief Justice to the Dinkelspiel & Hart vs. Pons, 119 La. 236, 43 So. 1018, in which it was said that the court must exercise its own judgment, but will not be controlled by the expert testimony of lawyers. The court

finally said in the case of Hunt vs. Hill, above referred to, that the testimony of lawyers was admissible, and was entitled to its consideration in determining the case, but it did not accept their estimate of the services as binding on the court.

Obviously, there are cases which are dependent for a proper solution on the expert testimony of lawyers as to the value of the services rendered. But, as in this case, where the services to be "compensated are rendered under the eye of the court," as was said in Dorsey vs. His Creditors, 5 Mart. (N. S.) 399, "the taxation ought to be made on its own responsibility."

In all cases, as we construe the decisions on this subject, the testimony of attorneys, as experts, is admissible, and, when admitted, may be taken as a guide by the court in assessing the attorney's fees, but the court always retains its right of fixing the amount recoverable, "without reference to the opinions of witnesses," as was held in Randolph, Singleton & Broune vs. Carroll, 27 La. Ann. 467; and which is a matter of law rather than one of fact when the services have been performed in the presence of the court, as was said in Succession of Rabasse, 51 La. Ann. 590, 25 So. 326.

In the case Thompson vs. State Assurance Co., 160 La. 683, upon which counsel for defendant rely, the claim on the policy was for $2,250 upon which the court rendered judgment against the company for $660. In commenting on that decision, the court, in Block vs. Detroit Fire & Marine Ins. Co., 7 La. App. page 25, said the ruling did not apply when the total amount claimed is recovered and all the attorney's work was helpful and necessary to the result obtained.

In this case plaintiff recovered the total amount claimed upon which the fees of the attorneys were based, and, according to the ruling of the court in the 7 La. App. case, the fee granted was legal, though no evidence was introduced to fix the value.

It may be that the court in that case has made a proper solution of the issue for the reasons therein stated. With the additional views given by us, as hereinabove expressed, we are of the opinion that the amount for attorney's fees fixed by the court in the instant case, without estimate by attorneys, was proper and legal.