O’NIEEL, C. J.
 

 This is a suit on a fire insurance policy for $2,000 on household furniture and effects. The plaintiff claimed also the statutory penalty of 12 per cent, damages, and $750 as a reasonable attorney’s fee, under section 3 of Act' No. 16S of 1908. The defendant, answering the suit, denied virtually every allegation in the plaintiff’s petition, except the fact that the policy was issued, and set up two special pleas in defense of the suit. The special pleas were, first, that the property was incumbered by a chattel mortgage at the time of the fire, and, second, that the plaintiff misrepresented material facts concerning the subject of the insurance, and swore falsely with reference thereto, in that he swore that his loss was $2,545.25, when in fact it was not over $500.
 

 The plaintiff filed a plea of estoppel, averring that, after the fire, and on the day it occurred, the insurance adjuster representing the company asked for permission, and was given permission, to take possession of the furniture and effects that were damaged, but not totally destroyed, and did then take possession of such furniture and effects, with the promise that the company would have them repaired and renovated at the company’s expense, and would pay the value, to be ascertained, of the furniture find effects that were totally destroyed.
 

 The district judge gave judgment for the plaintiff for $2,000, and the statutory penalty of 12 per cent, damages, and $300 for the attorney’s fee. The defendant has appealed from the decision.
 

 The appellant’s plea that the plaintiff was guilty of misrepresentation and false swearing, with reference to the value of the property destroyed or damaged, is not sustained by the evidence. There were some exaggerations on the part of the plaintiff and his wife, in their valuation of some of the articles of furniture; but there is no proof of willful misrepresentation or false swearing. It is
 
 *359
 
 very natural for a person to be mistaken as to tbe value, or even tbe cost, of an article in his or her household furniture or effects, which, to any one else, would be only secondhand furniture, or junk.
 

 The defendant’s other special plea has for its support the fact that there was a chattel mortgage on the furniture to secure a loan of $130. The debt appears to have been reduced to $120 at the time of the fire. The 'mortgage was given before the policy was issued, but was recorded after' the policy was issued. It seems that there was also a vendor’s lien and chattel mortgage for $30 on a gas stove bought after the policy was issued; but the defendant makes no complaint about that. The clause invoked by the defendant, in the policy, is that “This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage.” The plaintiff invokes the provisions of Act No. 222 of 1928, p. 291, to the effect that a fire insurance policy shall not be declared void by the insurer for a breach of any representation, warranty or condition contained in the policy, or in the application therefor, nor shall any such breach avail the insurer to avoid liability, unless such breach shall exist at the time of the loss, and shall be either such a breach 'as would increase either the moral or physical hazard under the policy, or shall be such a breach as would be a violation of the warranty or condition requiring the insured to take and keep inventories and books showin; a record-of- his business.
 

 '■'Th/e defendant contends that a chattel mortgage on personal property covered by fire insurance does, essentially, increase the moral hazard. There are judicial decisions to that effect; but whether they should be deemed controlling in a ease where the value of the property exceeds by nearly one-fourth the amount of the insurance, and where the amount of the debt secured by the chattel mortgage is not more than a twentieth of the value of the property, is not so certain; and it is a question which we are not compelled to decide in this case, because the evidence leaves no doubt that the insurance company waived whatever right the company might have had to contend that the policy was void because of the chattel mortgage on the property.
 

 The fire occurred early in the morning; between 3 and 4 o’clock. Later in the day, an adjuster representing the insurance company visited the scene and made an inspection of what remained of the furniture and effects'. That afternoon he checked off the furniture and effects on a list furnished by the insured and the latter’s wife, and proposed to them that he, the adjuster, on behalf of the insurance company, would take possession of the furniture and effects that were damaged but not totally destroyed, and have them renovated at the expense of the company, and that the company would pay the value, to be ascertained, of the furniture and effects that were totally destroyed. The insured and his ■wife consented to the proposal, and the adjuster had all that remained of the furniture hauled to a furniture establishment to be repaired, and had all that remained of the bedding and fabrics hauled to a cleaning establishment to be cleaned and renovated. The •adjuster testified that, before he took possession of the furniture and effects for the insur
 
 *361
 
 anee company, he asked the insured and his wife if there was a chattel mortgage on the property, and that they replied that there was none. They denied, in their testimony, that any inquiry was made about a chattel mortgage on the property until the next day after the adjuster had taken possession of it. It was admitted by the adjuster, in his testimony, that the wife of the insured told him of the chattel mortgage on the next day after he had taken possession of the damaged furniture and effects, and that he verified the statement by referring to the mortgage records, and then notified the insurance company of the chattel mortgage. He did not return the damaged furniture and effects to the insured, or offer to return them, and was not instructed by the insurance company to return them. The insurance company merely instructed the adjuster to have the insured examined under oath, according to one of the clauses in the policy. The examination was had on the nineteenth day after the date of the fire, and a transcript of the answers given by the insured under oath was sent by the adjuster to the insurance company’s home office. Thereafter the company instructed the adjuster to inform the insured that the company denied liability. Even then, and up to the time of the trial of the case, no offer was ever made to return the damaged furniture and effects which the adjuster had taken possession of for the insurance company. The furniture 'that was sent by the adjuster to the repair shop was afterwards damaged on account of a leaky roof, and the bedding and fabrics that were sent to the cleaning establishment were either sold or held for the cost of renovating them; during all of which time the insured and his wife were not informed of the whereabouts of their furniture and effects.
 

 There is a preponderance of evidence to the effect that the adjuster did not ask whether there was -a chattel mortgage on the property when he took possession of it. When he was. informed, the next day, that there was a chattel mortgage on the property, it was incumbent upon him to return the property and cancel his promise to have it renovated at the company’s expense, if he intended that’ the company should claim that'the policy was void because of the chattel mortgage on the property. When an insurer has knowledge of a ground of forfeiture, after a fire has occurred, and yet institutes or continues an investigation or adjustment, and requests and obtains the aid of the insured, thereby causing- trouble, loss of time, or expense, on his part, the insurer thereby waives the right to claim a forfeiture. 26 C. J. 337; 14 R. C. L. 1197, No. 376; Hart v. Springfield Fire & Marine Insurance Co., 136 La. 114, 66 So. 558; Hardy v. Commercial Standard Insurance Co., 172 La. 500, 134 So. 407.
 

 The plaintiff proved the extent of his loss, to the satisfaction of the district judge; and we see no reason to doubt that his conclusion was correct.
 

 Appellant’s counsel contend that the allowance of $300 for the attorney’s fee, under the provisions of Act No. 168 of 1908, should be reduced to 10 per cent, of the amount of the judgment in favor of the im sured, and counsel cite Federico Macaroni Manufacturing Co. v. Great Western Fire Insurance Co., 173 La. 905, 139 So. 1, 79 A. L. R. 1256. In that case we held that $350, or 10 per cent., was a reasonable fee for obtain
 
 *363
 
 ing a judgment which, with the statutory penalty of 12 per cent., amounted to $3,500. But the amount of the loss or insurance recovered is not the only criterion in determining the amount
 
 to be
 
 allowed as a
 
 reasonable
 
 attorney’s fee, under the act of 1908* In fact, as the services to be rendered by an attorney suing on a fire insurance policy may be as great 'in a suit for a small amount as in a suit for a large amount, the rate or percentage to be charged or allowed may not be as high on a large amount as on a small amount of insurance. We do not consider the fee of $300 allowed by the district judge in this case unreasonable; especially as we assume that the judge took into consideration the probability that the case would be appealed to the Supreme Court.
 

 The judgment is affirmed.