**GODFREY v. SECURITY INS. CO.***

No. 4497.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

---

*Rehearing denied April 28, 1933.

Jackson & Smith and Chas. L. Mayer, all of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff, on the 7th day of April, 1932, took out with defendant company a policy of fire insurance, to the value of $1,200, on his household furniture and personal effects located in his home at Bossier City. The property insured was totally destroyed by a fire which occurred at about 4 o'clock in the morning of June 22, 1932. Plaintiff submitted due proof of loss and demanded payment to the full value of the policy. Defendant refused to pay anything, whereupon plaintiff filed this suit.

From a judgment in plaintiff's favor for the full amount, defendant has appealed.

We will first take up the question of the value of the property burned, as it is important not only in so far as it affects the amount of recovery, but also because of its weight in determining the second and graver issue, which is whether or not the policy has been avoided by a violation of what is known as its chattel mortgage clause.

The insured's property was purchased over a period of from six months to four years preceding the fire, at a cost price of $2,285.25. A furniture dealer offered as a witness by plaintiff, estimated that the cost price at the time of the fire of the articles listed had depreciated about $800. The cost of replacement would run from $1,200 to $1,500. Another fixes the replacement cost at from $1,400 to $1,600.

Defendant's adjuster, who never saw the articles, appraised their value at the time of their destruction at $1,065. On this issue of value, we quote and adopt the opinion of the trial judge:

"The first defense as to value of the property is not so serious, because defendant's adjuster fixed the value of the property at $1,-065.00, which is only $135.00 less than the face of the policy, and the valuation was reached arbitrarily by taking the cost of the furniture and discounting it for wear and tear, and for decline in prices in the last few years. It is well known that prices of almost every class of merchandise have declined since 1929, and the value of the property has no doubt declined considerably. It is well known that furniture as well as most other merchandise has declined in price out of proportion to its value to the owner by being used at all. The testimony of the witnesses who had seen the furniture in plaintiff's home shortly before the fire is to the effect that it was in good condition, and I am of the opinion that it was worth more than the face of the policy at the time of the fire."

The chattel mortgage clause reads: "* * * If the subject of insurance be personal property and be or becomes encumbered by a chattel mortgage, the entire policy shall be void."

The record shows that at the time of the fire the property was subject to two chattel mortgages—one for $100 in favor of the Personal Finance Company was unrecorded. There is very little testimony as to it. Its date and present status is undisclosed.

The other, in favor of the General-American Finance Company, bearing the date October 10, 1930, is for $300, with 3½ per cent. per month interest. It covers only a part of the furniture destroyed and is recorded.

On April 8, 1932, this mortgage having been reduced to $247.50, was adjusted by the parties on the basis of payments of $7.50 on the 5th and 20th of each month. At the time of the fire plaintiff had fallen four installments behind on this arrangement and was being vigorously pressed for payment.

The weight of authority in most of the states is that in the absence of statutory provisions, the existence of a chattel mortgage on the subject-matter of the insurance, in violation of the terms of the policy, voids the contract. In Louisiana we have a statute on the subject. It is Act No. 222 of 1928, and reads:

"That no policy of fire insurance issued by any insurance company, corporation, association, firm or individual, on property in this State, shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy, or in the application therefor, nor shall any such breach avail the insurer to avoid liability, unless such breach shall exist at the time of the loss and shall be either such a breach as would increase either the moral or physical hazard under the policy, or shall be such a breach as would be a [4]violation of a warranty or condition requiring the insured to take and keep inventories and books showing a record of his business, anything in the application or in the policy or contract of insurance to the contrary notwithstanding; provided that even though the loss occurs during the existence of such a breach, the breach shall not afford a defense to a suit on the policy if the fact or facts constituting such a breach existed at the time of the issuance of the policy and were at such time known to the insurer or to any of his or its officers or agents, or if

the facts or fact constituting such a breach existed at the time of the loss and were at such time known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured, anything in the policy or contract of insurance or in the application therefor to the contrary notwithstanding.

"That all laws or parts of laws in conflict herewith are hereby repealed."

In the present case there is no allegation or proof of fraud or collusion. The physical hazard is not involved. There is no proof that defendant had actual knowledge of the existence of the mortgage.

As to the moral hazard we think that expression, as used in the act, means a substantial hazard, one that would influence the conduct of a reasonable man as distinguished from a mere psychological or ethical risk.

In Sigrest v. Federal Insurance Co., 14 La. App. 55, 129 So. 379, it was held that the burden of proving the existence of such a hazard is upon the defendant.

In Perry v. Fidelity & Guaranty Fire Corp'n, 17 La. App. 563, 136 So. 755, false information as to the employment of assured, violating a warranty clause in the contract, was held not to have increased either the moral or physical hazard under the policy.

To the same effect is the decision in the case of Alexander v. Home Ins. Co. of N. Y. (La. App.) 142 So. 708, wherein it was held that a breach of warranty consisting of false statements as to the model of a truck did not void the policy or increase either the moral or physical hazard within the meaning of Act No. 222 of 1928.

In the present case the learned trial judge said: "If the property insured was mortgaged for more than its value or for a sum approximating its value, there is little doubt that as a legal proposition the moral hazard would be increased, because the interest of the insured would be greatly lessened or eliminated, and he would not have the same interest in protecting it from loss; but to say that as a legal proposition the moral hazard is increased by a mortgage of not more than 25% of the value of the property, and would cause insured to lose interest in its protection from loss, or induce him to set fire to it, would seem to be stretching the legal imagination unduly."

The author of the present opinion, while sitting as a district judge in the trial of the case of Roach v. Harmonia Fire Ins. Co., held to the same effect where the value of the property exceeded by nearly one-fourth the amount of the insurance carried upon it, and where the amount of the debt secured by the chattel mortgage was not more than a twentieth of the value of the property. The case went to the Supreme Court on appeal and is reported in 176 La. 356, 145 So. 769. In that court it was decided in favor of plaintiff on a question of estoppel in pais. Though the chattel mortgage issue was not passed upon, the court said that it is not so certain that the moral hazard was increased by the existence of a mortgage.

From the above authorities we reach the conclusion that the question is one of fact to be determined by the circumstances surrounding each transaction. That in the present case the defendant has failed to sustain the burden resting upon him of proving that the moral hazard was materially increased by the existence of the chattel mortgages. That no owner of property is presumed tempted to brave the danger of a criminal prosecution by setting fire to his property unless he would be a gainer financially by so doing. Brooks v. Liverpool & London & Globe Ins. Co. (La. App.) 144 So. 788.

We do not pass upon the effect of the recording of the mortgage on the question of knowledge, where the insurer makes no inquiry as to the existence of mortgages.

The judgment appealed from is affirmed.