## BRELAND v. GREAT STATES INS. CO.
### No. 1447.

Court of Appeal of Louisiana. First Circuit.
March 25, 1935.

Talley & Cassidy, of Bogalusa, for appellant.

Benj. W. Miller, of Bogalusa, for appellee.

ELLIOTT, Judge.

This is a suit on a fire insurance policy, and the present is the third time we have considered the case. The facts are as stated in our first opinion (147 So. 714), and afterwards, so far as necessary, in our opinion on rehearing (150 So. 313).

The first trial resulted in a judgment in favor of the plaintiff for the amount claimed on the policy. On appeal, the judgment was affirmed, but a rehearing was granted on the petition of the defendant.

On the first trial in the lower court, William M. Breland, a party plaintiff, jointly with Mrs. Reda Wheat Breland, his wife, was eliminated from the case on the ground that the policy sued on was made payable to Mrs. Breland, and she was therefore the party with right to sue on it. This ruling was approved at first, but on rehearing we held that the policy was an asset of the community between husband and wife and that W. M. Breland, head and master of the community, was the proper party to sue. Mrs. Breland was therefore eliminated. The judgment eliminating William M. Breland was set aside, and he was restored as the sole plaintiff in the suit. The case was then remanded to the lower court for further evidence which might be offered by either side as to certain expressly mentioned questions. The remand resulted in a judgment in favor of the plaintiff. The defendant has appealed.

One of the matters on which we acted was a stipulation in the policy to the effect "that the insured should submit to an examination under oath by any person named by the company and subscribe to the same."

W. M. Breland had refused to submit to this examination, but, when he was put back in the case as the sole plaintiff, it was ordered that he submit to the stipulated examination. He did so, and his testimony, taken in that way and for that purpose, is before us on the present appeal.

The grounds on which the remand was ordered were as follows: "The judgment to act on the question, whether the defendant had knowledge of the situation concerning the ownership of the furniture at the time the policy sued on was issued or whether he (referring to L. C. Black, defendant's agent) was induced to enter into the contract by any deception, fraud or other wrong doing practiced on him by W. M. Breland, and also for the admission of any further evidence which either of the parties can produce showing whether any or all of the articles covered by the acts of mortgage were also covered by the policy, and if so, what articles and their value at the time of the fire, and also the value of all property destroyed in the fire that was covered by the policy."

When the case on the remand reached the lower court and W. M. Breland had submitted to examination, the defendant was permitted to file an amended and supplemental answer. The joint petition of Mr. and Mrs. Breland had been answered by the defendant while Mr. Breland was one of the plaintiffs. As all the controverted questions in the case had been acted on finally by this court, except the certain restricted purposes for which the case was remanded, the amended and supplemental answer containing a plea that W. M. Breland "was estopped to urge otherwise than originally plead and testified to" should not have been received. As the amended and supplemental answer, however, brought into the case nothing new except the plea of estoppel, the matter is unimportant. The lower court likely permitted it to be filed through a desire that defendant might avail itself of any possible defense it might have, but at the same time consid-

153

ered that it had no right to raise any new issue because, in acting on the case, no reference was made to the plea of estoppel. The defendant filed a motion for a new trial, and urges as the fifth ground in the motion: "That the plea of estoppel filed has merit and was inadvertently overlooked by the court and defendant is entitled to have it considered and passed on in the lower court." The motion was overruled, and we take it, in the absence of anything otherwise said, not because it was inadvertently overlooked, but because defendant had no right to raise any new issue. As the motion and the failure of the lower court to rule on the plea of estoppel is pressed on us in defendant's brief, we are giving it consideration, although, as stated, we think no new issues should have been raised.

The motion starts out with the statement: "That while it concedes that there was no deception or collusion practiced by the plaintiff upon the agent and while it concedes that paragraph numbered one of the reasons for judgment is correct, it shows that the judgment is contrary to the law and the evidence and that the court was lead into serious error for the following reason, to-wit." The motion enumerates five grounds of error; the last being the failure of the court to rule on the question of estoppel.

Defendant's admission in its motion for new trial that there was no deception or collusion practiced by W. M. Breland on defendant's agent Black, and that paragraph No. 1 of the reasons of the lower court for judgment in acting on the remand is correct, does not go far enough.

■ As stated in our opinion on the rehearing, the policy sued on was negotiated for by W. M. Breland and was issued to him by C. L. Black, payable to Mrs. Breland at his request, after the agent, Black, had himself gone into the question of the location and value of the property. The plaintiff Breland had first received a policy on his furniture for $750, but, after getting married, his wife bought new furniture, and they moved out of the house in which he was living at the time of their marriage into another house on a different street. The furniture covered by the first policy was moved into this new place with the new and additional furniture purchased, upon which Mr. Breland sought from Mr. Black additional insurance. Defendant's agent, Black, suggested that the old policy be canceled and a new one issued covering the furniture and household goods located in the new residence. The coverage in the policy is very broad. It says: "On the household and personal effects of every description." Insurance to the extent of $950 was agreed on, which was $200 beyond the amount called for by the first policy; defendant's agent taking Mr. Breland's word for the value of the new furniture.

"Q. Did Mr. Breland at any time, at any place, in issuing either of the two policies make any statement to you of any kind which you subsequently found to be untrue? A. In other words, did he misrepresent anything to me?

"Q. Yes. A. No."

The Act No. 222 of 1928 provides: "That no policy of fire insurance * * * shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy, * * * unless such breach shall exist at the time of the loss and shall * * * increase either the moral or physical hazard under the policy."

There is no contention by plea or otherwise on the part of the defendant that the moral or physical hazard under the policy was increased by anything said or done by Breland. We are unable to see any weight in defendant's plea of estoppel, even though W. M. Breland testified that there was no insurance on any property purchased prior to his marriage and even though part of the property insured may have been covered by chattel mortgages. We reach that conclusion because the mortgages at the time of the fire amounted to only, say $350, while the property was worth fully $1,200. Sigrest v. Federal Insurance Company, 14 La. App. 55, 129 So. 379; Godfrey v. Security Insurance Co. (La. App.) 147 So. 101; Pizillio v. New York Fire Insurance Co. (La. App.) 150 So. 107; Knowles v. Dixie Fire Insurance Co., 177 La. 941, 149 So. 528.

The first, third, and fifth grounds of complaint in the motion for new trial are not sufficient to set aside the policy.

The third ground of complaint is that the case was remanded for further testimony as to the value of the articles destroyed by fire. And no additional testimony was offered. The defendant could have offered testimony on the subject, but did not. The plaintiff did offer further testimony on the subject. C. L. Black, defendant's agent, and Mr. and Mrs. Breland were questioned on the subject.

The evidence on the subject justifies the conclusion that the property covered by the policy was worth fully $1,200 at the time of

the fire, which was sufficient to sustain the policy for $950.

The last contention is that plaintiff did not establish with any degree of certainty that the property on the yellow list was purchased after plaintiff's marriage, and was not included in the chattel mortgages. We have already held that, even supposing such to be true, the policy was not thereby defeated, because of the provision heretofore mentioned contained in Act No. 222 of 1928.

It is sufficient to say that the property covered by the policy belonged to W. M. Breland and was of the value of at least $1,200, and that it was destroyed as alleged in the petition.

The judgment appealed from is in our opinion correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.