LAND, Justice.
 

 On March 7, 1930, defendant, Presidential Fire & Marine Insurance Company, issued its policy to plaintiffs, James Brough and his wife, Clementine Brough, covering a frame building, No. 5418 N. Robertson Street, in the city of New Orleans, for $1,000, and all the furniture, the household effects, and wearing apparel of plaintiffs contained therein for $800.
 

 Alleging that the building and its contents were destroyed by fire on April 27, 1932, while the policy was in full force and effect, plaintiffs brought the present suit against defendant insurance company in the civil district court for the parish of Orleans to recover the sum of $1,800, the full amount of the insurance on the building and its contents, and for a premium of $9.80 due under the policy.
 

 Plaintiffs also sued for the penalty allowed under Act 168 of 1908, and for attorney’s fees in the sum of $300, because of the failure of defendant insurance company to pay the amount due under the terms and conditions of the policy.
 

 In its answer, defendant insurance company admitted liability for the insurance on the contents of the building in the s.um of $563.80, which was deposited in the registry of the court, but denied its liability for statutory damages and attorney’s- fees under section 3 of Act 168 of 1908.
 

 Defendant insurance company also resisted the payment of the $1,000 insurance on the frame building, on the ground that the interest of the plaintiffs in the insured property was other than unconditional and sole ownership, and that the insured building stood on ground that was not owned by the plaintiffs in fee simple.
 

 In making this defense, defendant insurance company relies upon the- following provision in the policy
 

 
 *883
 

 “This entire policy,
 
 unless otherwise provided by agreement endorsed hereon or-added hereto,
 
 shall be void
 
 * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple.” (Italics ours.)
 

 Judgment was rendered for plaintiffs in the civil district court in the sum of $1,236, with legal interest from date of judicial demand until paid, with 12 per cent, of the principal and interest as penalties, and $300 as attorney’s fees, and defendant insurance company was condemned to pay all costs.
 

 It is not disputed that the sum of $1,236 awarded plaintiffs in this judgment includes the insurance of $1,000 on the frame building, and that the balance of $236 represents the insurance allowed on the contents of the building.
 

 On appeal to the Court of Appeal, Parish of Orleans, the judgment of the civil district court was amended, by rejecting plaintiffs’ demand for $1,000, insurance on the frame building, and by allowing plaintiffs the sum of $800, insurance on its contents, with legal interest from judicial demand, together with 12 per cent, on the principal sum as damages, and also for attorney’s fees in the sum of $300, all subject to a credit of $563.80, already.deposited in the registry of the civil district court for the parish of Orleans.
 

 This judgment is now before us for review.
 

 (1) Plaintiffs’ title is a “bond for deed” or agreement to sell. For this' reason, defendant insurance company refused to make payment for the loss of the building, pointing out the fact that plaintiffs did not own in fee simple the land on which the insured building had been located,
 
 and maintaining that, because of that fact, the contract of insurance had never attached, since in
 
 the policy there was a provision to the effect that
 
 "this entire policy
 
 * * *
 
 shall be void
 
 * * *
 
 if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple.”
 

 Such defense alone would have been available to defendant insurance company, if the policy in this case had been issued to plaintiffs prior to the year 1928: but the policy in this case having been issued to plaintiffs on March
 
 7,
 
 1930, and the fire having occurred on April 27, 1932, the contract of insurance in this case is subject to the provisions of Act 222 of ■1928, and must be construed with reference to that act.
 

 In Knowles v. Dixie Fire Ins. Co. of Greensboro, N.C., 177 La. 941, 149 So. 528, the policy contained what is usually referred to as the “chattel mortgage clause,” which reads as follows (page 530):
 

 “This entire policy, unless
 
 otherwise provided by agreement endorsed hereon or added hereto,
 
 shall be void
 
 * * * if the subject of insurance
 
 be personal property and be or become encumbered by a chattel mortgage.”
 
 (Italics ours.)
 

 
 *885
 
 It is said in the opinion in the Knowles Case (page 530) :
 

 “These cases and others cited by defendant hold without qualification that the mere fact that’ the personal property, the subject of the insurance, at the time of the issuance of the policy or thereafter during the term thereof, becomes incumbered with a chattel mortgage without the consent of the insurer indorsed on the policy, renders it null and void.
 

 “If it were not for Act No. 222 of 1928, p. 291, which was the law of this,state when the policy here involved was written, we should hold unhesitatingly that the policy was void at the time of the loss. But under that act, when the insurer sets up a breach of any warranty, representation, or condition contained in the policy as a defense, the burden is upon it to show that such breach was such as would increase either the moral or physical hazard under the policy. * * *
 

 “In view of the plain provisions of this act, the fact alone that the personal property covered by the policy is or becomes incumbered by a chattel mortgage does not of itself void the policy. On the contrary, if a violation of the chattel mortgage clause in the policy is pleaded as a defense, the insurer must show that a breach of the warranty or condition in this respect did in fact increase the moral hazard. Defendant in this case made no effort to show that the moral hazard was increased, but defended on the sole ground that the property insured was incumbered at the time of the loss. * * *
 

 “What the act means is that,
 
 if at the time of the loss, not at any previous time during the life of the policy;
 
 there exists such a breach as would reasonably be said to increase the moral hazard, then the policy is void.” (Italics ours.)
 

 In view of the plain provisions of Act No. 222 of 1928, the fact alone that plaintiffs did not have a fee-simple title to the ground upon which the insured building was erected
 
 does not of itself
 
 void the policy. On the contrary, if a violation of the clause as to ownership in fee simple by the insured is pleaded as a defense, the insurer must show that a breach of the warranty or condition in this respect did in fact increase the moral hazard. Defendant company in this case made no such defense, but relied on the sole ground that plaintiffs did not have a title in fee simple to the ground on which the insured building was erected.
 

 As stated in the opinion in the case of Knowles v. Dixie Fire Ins. Co. of Greensboro, N. C., 177 La. 941, at page 952, 149 So. 528, at page 531:
 

 “No hard and fast rule can be laid down as to when such a breach exists. Each case must be determined according to its own facts and circumstances, and this is true whether the hazard be moral or physical. In either event, a plea that the policy has been rendered void by such a breach
 
 is a special defense which defendant must maintain in order to avoid liability.
 

 “This is the view taken by our brethren of the Courts of Appeal for the First and
 
 *887
 
 Second Circuits in at least three cases. Godfrey v. Security Ins. Co., decided March 31, 1933, by the Second Circuit, 147 So. 101; Sigrest v. Federal Ins. Co. (First Circuit) 14 La.App. 55, 129 So. 379, and Perry v. Fidelity
 
 &
 
 Guaranty Fire Corporation, 17 La.App. 563, 136 So. 755.”
 

 It is true that in Campbell v. Richmond Ins. Co., 156 La. 455, 100 So. 679, the policy was held void on the sole ground of the breach of the fee-simple ownership clause. But this decision became final June 6, 1924, prior to the enactment of Act No. 222 of 1928, and cannot be followed as a precedent since the passage of that act, and the construction placed upon it by this court in the Knowles Case.
 

 (2) The building insured in this case had been erected by plaintiffs,
 
 and occupied by them as a home for some nine years,
 
 on ground to which they had a bond for deed, on which they had paid some $700 in principal and interest, and on which they owed a balance of between 200 and 300 dollars.
 
 Plaintiffs had kept the building insured for $1,000 from the time they had built it.
 
 The building and its contents were completely destroyed by fire.
 

 The plaintiffs were able to make the payments, and, at the time of the loss, had reduced the amount agreed to be paid for the ground from $1,000 to a balance of some 200 or 300 dollars.
 

 Under this state of facts, we fail to find any such increase of moral hazard as would justify us in declaring the policy in this case void.
 

 (3) The Court of Appeal found that the value of the contents of the building which were destroyed should be fixed at $800, and not at $563.80, as contended by defendant insurance company. We concur in this finding as sustained by the evidence in the case.
 

 For the reasons assigned, it is ordered that the judgment of the Court of Appeal, Parish of Orleans, be and is hereby annulled and reversed.
 

 It is now ordered that there be judgment for plaintiffs, James Brough and Clementine Brough, in the full sum of $1,800, with legal interest from judicial demand, until paid, subject tó a credit of $563.80, together with a penalty of 12 per cent, on the amount of the principal and interest, and $300 as attorney’s fees.
 

 It is further ordered that defendant, Presidential Fire & Marine Insurance Company, pay all costs of this suit.