ELLIS, Judge.
This suit was instituted by the named payee on a promissory note to recover the amount due on said note. The defendant’s car was seized under a writ of attachment at the start of the proceedings. The basis for issuing the writ of attachment herein was that defendant was about to leave the State permanently before judgment could be obtained or executed against her.
Defendant filed a rule to dissolve the attachment coupled with a demand for damages and attorney’s fees for wrongful attachment. A hearing was had on the rule on January 27, 1964 and the District Judge refused to dissolve the attachment at this point. The case was set down for trial on the merits January 31, 1964. On that day counsel for defendant presented a supplemerital and amending answer containing affirmative defenses. The Judge, in liis discretion, allowed defendant’s counsel to file this pleading.
After a trial on the merits, the District Court concluded, in brief, that the named payee in the promissory note, plaintiff herein, did not actually give defendant any consideration for the note. The obligation for which the note was issued was actually to a third party, whose rights to enforce the obligation had been preserved by issuance of an earlier promissory note. Therefore, plaintiff’s demands were rejected, at his cost, and the writ of attachment was dissolved. In its judgment, the trial court did not pass on the question of damages for wrongful attachment nor did it grant judgment either denying or awarding attorney’s fees sought under the provisions of Article 3506 of the Code of ■Civil Procedure. Defendant filed a motion for new trial, which was denied. Defendant’s counsel perfected a devolutive appeal to this Court, complaining of the denial of damages and attorney’s fees. The plaintiff did not answer the appeal and therefore there are only two issues before us now. Is defendant entitled to damages since she was successful in dissolving the writ of attachment obtained by the plaintiff? Are attorney’s fees allowable?
Defendant set forth her demand for damages and attorney’s fees for wrongful attachment in her original pleading and prayed for these items also. However, she failed to put on proof of damages, either on the trial of the rule to dissolve the writ of attachment or on the trial on the merits. Under these circumstances, the trial court had no choice but to consider the demand abandoned.
The claim for attorney’s fees is another matter. The claim was properly presented in defendant’s pleadings, the services were rendered “under the eye of the court” and, under the jurisprudence, the court may properly fix a reasonable attorney’s fee in such an instance even without expert testimony. Watkins v. Abshire, La.App., 108 So.2d 666; Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789; Williams v. Ralph R. Miller Shows, La.App., 17 So.2d 67; Sigrest v. Federal Ins. Co., 14 La.App. 55, 129 So. 379.
Attorney’s fees may be granted unto a party who obtains the ’dissolution of a writ of attachment. This award is discretionary with the court under the provisions of Article 3506 of the Louisiana Code of Civil Procedure:

“Dissolution of writ; damages

“The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
“The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional de *319 mand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may he included as an element of damages whether the writ is dissolved on motion or after trial on the merits.”
Considering the amount in dispute, the services rendered, and the results obtained herein, it is found that an award to the defendant, Willie O. D. Montgomery, of $125.00 as attorney’s fees would be reasonable in the case at bar.
For the reasons assigned, the judgment of the trial court is amended to include an award of $125.00 attorney’s fees to the defendant. As amended, the judgment of the trial court is affirmed, at plaintiff’s cost.
Amended and affirmed.