COLE, Judge,
dissenting.
The opinion of the majority holds, in part, that “our jurisprudence has established the rule that an insurer is not required to show causal relation between warranty breach and loss to avail himself of warranty provisions in a fire policy.” An examination of the authorities cited in support of this conclusion does not convince me that in those instances where a physical hazard is at issue it is a well-founded statement of law. Several of the cases relied upon were decided prior to the 1928 enactment of R.S. 22:692 which is applicable to the subject insurance policy. Other cited cases dealt with a moral hazard and not a physical hazard as is found herein. Still other cited cases deal with “vacant” premises and, therefore, present a vastly differing factual context. Based upon the authorities cited, I am not prepared to agree that there is no necessity for the breach to bear a causal relationship to the damage or loss.
It is understandable that where a moral hazard is at issue, i. e., the risk of intentional destruction by fire for monetary gain, it is virtually impossible to establish causation and the insurer should not bear the burden of proving same. See Knowles v. Dixie Fire Insurance Company, 177 La. 941, 149 So. 528 (1933); Brough v. Presidential Fire and Marine Insurance Company, 189 La. 880, 181 So. 432 (1938); and Lee v. Travelers Fire Insurance Company, 219 La. 587, 53 So.2d 692 (1951). Causation is implied in such an instance. However, it is an entirely different situation in regard to a physical hazard. The very nature of physical hazards denotes causation factors and it is not an unreasonable burden for the insurer to bear to show that the breach of a warranty probably brought about the loss.
If we relieve insurers from the burden of proof of causation with respect to physical fire hazards, recovery for loss could be denied under the facts of this case even if a total stranger to the appellee had poured gasoline over the log skidder at midnight and then applied a torch causing its destruction. I cannot agree that such a result is envisioned by the language of LSA-R.S. 22:692. When Section 692 speaks of “such a breach as would increase the * * * physical hazard”, one must look to the nature of the hazard to determine if the risk *1246 thereof was increased by the breach of the stated warranty. The hazard with which we are concerned is a fire within the enclosed area of the log skidder and which could not have been prevented or reasonably diminished by the requisite fire extinguisher or frequent cleaning of the exposed parts of the equipment. In effect, the breach of the two warranties by the appel-lee did not increase the hazard of such a fire and is not related to the loss.
The record does bear out that the physical hazard at issue in this case is that of a fire originating in the inaccessible transmission area of the log skidder. This risk or hazard resulted in the loss. The record further establishes that a breach of the policy warranties did not increase this physical hazard and did not contribute to or cause the loss. The majority is correct in its holding that the burden of proof is on the insurer to show that an increase in risk resulted from the breaches. ■ The trial court, in holding for the insured, had to find that the insurer failed to bear its burden. I find no error whatever and certainly no manifest error in this factual finding by the trial court. The majority result is to reverse the trial court on a factual finding contra to the rule enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Finally, it cannot be overlooked that the insured did not personally arrange for or purchase the policy, has a fourth-grade education, did not read the policy, and was without knowledge of warranty violations. Even the fire extinguisher had been supplied by the manufacturer as standard equipment. These facts become significant when we consider the language of Lee, supra, to the effect:
“ * * * [N]o inquiry was made of plaintiff by anyone respecting encumbrances affecting the truck. It is fair to assume that he was without knowledge that such information was a prerequisite for the insurance’s effectiveness.” (53 So.2d at 697)
I respectfully dissent.