## SAWYER v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc. *

### No. 1659.

Court of Appeal of Louisiana. First Circuit.

Jan. 12, 1937.

*Writ of error refused March 1, 1937.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Chas. J. Mundy, of New Orleans, for appellee.

### PER CURIAM.

It is contended on the application for rehearing that the court erred in holding that Act No. 227 of 1916 had any application to this case; that the court erroneously held that there was no application or copy thereof annexed to the policy, when as a matter of fact a copy of the application was indorsed on the back of the policy in its entirety, and, moreover, that the age of the insured was made a part of the policy.

It is true that there is attached to the back of the policy what purports to be a copy of part of the application, but this purported copy is not dated or signed by the applicant; nor does it pretend to be all of the application. However, we consider this point immaterial, as it was not because of the failure of the defendant to annex the application or a copy thereof to the policy that formed the basis of our opinion. In fact, we stated that, in our opinion, the case was not controlled by Act No. 227 of 1916, but that Act No. 160 of 1934 should be applied, and therefore, as under this latter act it is not required that the application be annexed to the policy to render statements made therein by the assured admissible in a suit on the policy, we held that statements as to the age of the insured in this case were admissible, even though these statements were not annexed to or indorsed upon the policy.

It is insisted that the court erred in failing to consider the statement made by the coroner and undertaker as to the age of the deceased in the proofs of death submitted

by the claimant prima facie evidence of the correct age of the deceased insured; that the court erred in going into the question of the sufficiency of such proof, where the plaintiff furnished no direct evidence to contradict the statement of age therein given.

We did not and do not question the correctness of the legal principle announced in the case of Pierre v. Liberty Industrial Life Insurance Company (La.App.) 162 So. 217, to the effect that, where the beneficiary furnishes proof of death, the statements contained therein are considered in the light of admissions made by him, and, in the absence of explanation or contradiction, will serve to make prima facie proof of the facts contained in such statements. But we are also mindful of the further principle that such statements must be taken as a whole. Therefore, the statements made in the proofs by the coroner and the undertaker as to their means and opportunity of knowing the correct age of the deceased must also be considered, as these statements form as much a part of the proofs as the statement as to apparent age. We deduced from these statements that the persons making statements as to the apparent age of the deceased in these proofs had little opportunity of knowing the correct age of the deceased.

In submitting the proofs, the plaintiff did so primarily for the purpose of proving death. She did not thereby estop herself from proving that statements made therein by other persons relative to the age of the deceased were incorrect or based on meager information. While these statements made on collateral matters in the proof of death, when unexplained or uncontradicted, make out a prima facie case on such matters, yet if there is any other evidence in the record to contradict or explain such statements and to show that they are incorrect, the scales are again balanced, and the burden shifts back to the defendant to sustain its plea in avoidance of the policy by a preponderance of the evidence. We found other evidence in the record in the form of a statement made by the agent of the defendant company at the time the application was signed to the effect that the applicant did not appear to be over 48 years of age as stated in the application.

Certainly, if the plaintiff is to be held in any way as vouching for the correctness of the statements made by the coroner and undertaker as to the apparent age of the deceased at the time of his death, the defendant must to an even greater extent be held as vouching for the correctness of the statement of its own agent as to the apparent age of the insured at the time the application was made. Particularly is this true where the agent not only had a better opportunity of ascertaining the correct age of the applicant than the doctor and undertaker, but he also had a much greater interest in ascertaining the correct age.

Under Act No. 160 of 1934, in order for the defendant to avoid the policy on account of a misstatement of his age by the insured, it is incumbent on the defendant to show, not only that the age of the insured was misstated, but that such misstatement was willful. We found that the evidence did not show that the insured made any willful misstatement of his age, even though there might have been sufficient proof to justify a conclusion that the age as given was incorrect.

For the reasons assigned, the application for a rehearing is hereby refused.