## BROADY v. UNITY INDUSTRIAL LIFE INS. CO. *

No. 15096.

Court of Appeal of Louisiana. Orleans.

April 15, 1935.

Rehearing Denied April 29, 1935.

Henry J. Wymann, of New Orleans, for appellant.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a policy of industrial life insurance for the face value of the policy, $255, brought by the beneficiary named therein, Lizzie Broady. Defendant, in its answer, admitted the existence of the policy, payment of the premiums, and the submission of proper proof of death. It denied liability upon the ground that the insured misstated his age at the time of the issuance of the policy as 49 years, whereas, as a matter of fact, he was more than fifty years of age and beyond the age limit acceptable to defendant, and that, therefore, under condition 10 of the policy, its liability is limited to the refund of the premiums paid or $23.75, which amount it deposited in the registry of the court.

There was judgment below dismissing plaintiff's suit, and she has appealed.

In the policy sued on, in a bracket under the printed caption, "Age next birthday," appears the typewritten figures 49. Condition 10 of the policy reads as follows:

"If the age of the insured has been misstated, the amount payable under this Policy shall be such amount as the premium paid would have purchased at the correct age of the Insured and if the correct age exceeds the limit at which the company accepts members then the only liability of the company will be a refund of the premiums paid."

The defendant, through its assistant manager, and by the production of its rate book, proved that it did not write policies of the sort sued on here for persons more than fifty years of age. It then offered evidence tending to show that the insured in this case was of a greater age, when objection was made upon the ground that the statement of the assured's age was not indorsed on the policy and not contained in a written application attached to the policy, and that, therefore, under the provisions of Act No. 227 of 1916, proof of the alleged misstatement of age was inadmissible. The objection was overruled, the testimony administered and evidently found sufficient to establish defendant's contention, since the judgment of the court below was adverse to plaintiff.

Two questions are presented for our consideration by this appeal: First, one of law concerning the admissibility of evidence of the age of the assured under the circumstances of this case; and, second, one of fact, Did assured misstate his age and was he beyond the insurability limit? The answer to the first question depends upon the construction of section 2 of Act No. 227 of 1916, which reads as follows:

"Be it enacted, etc., That every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement or statements not endorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be endorsed upon or attached to the policy when issued. Any waiver of the provisions of this section shall be void."

This act has been construed by the Supreme Court and by this court in several cases. In Whitmeyer v. Liberty Industrial Life Ins. Co., 166 La. 328, 117 So. 268, 269, the Supreme Court said:

"By the provisions of this act it is necessary that the statement relied upon as a defense be contained in a written application for the policy, and, if it be so contained, then that the statement be indorsed on the policy at the time it is issued, or else that the application containing the statement be attached to the policy at that time. In the absence of a written application, containing the statement, it is not sufficient that the statement be indorsed on the policy."

See, also, Eddins v. National Life & Accident Insurance Co., 173 La. 644, 138 So. 430; Fisette v. Mutual Life Ins. Co., 162 La. 620, 110 So. 880; Dolan v. Metropolitan Life Ins. Co., 11 La. App. 276, 123 So. 379.

The purpose of Act No. 227 of 1916, as stated in the act itself, was to require "that

every policy of insurance * * * shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless" indorsed upon the policy or contained in a written application attached thereto.

In this case the statement of the age of the insured is a part of the policy contract itself and, if misstated, the effect upon the contract is also clearly set forth in the policy. It is not indorsed on the contract, for an indorsement is a writing placed upon a completed instrument, usually upon the back as the word suggests, which has relation to it. 2 Bouv. Law Dict. (Rawle's 3d Rev.) 1546. It is not an integral part of the instrument itself, though it may control its effect and interpretation.

The offer to prove the existence of the condition, which qualified and limited the liability of the insurer under the contract of insurance, was clearly permissible.

█ Able and industrious counsel, treating the statement in the body of the policy as an indorsement, have offered the application in evidence to show that the statement is also contained in the application, believing that this was necessary in view of the fact that the application itself is not attached to the policy, under the authority of the Whitmeyer Case, supra. If the age of the assured was indorsed upon and not incorporated in the policy, this proof would be required because the only exception to the rule that the entire contract must be set forth in the policy contract is in favor of such statements as may be indorsed on the policy and form part of the application, but, as we have said, such is not the case here.

On the question of fact, the age of the assured at the time of the issuance of the policy, there is abundant evidence to show that the insured was considerably over the age limit at the time of the signing of the application, and no countervailing proof was offered.

█ The judgment appealed from, however, cannot be affirmed because it failed to recognize plaintiff's claim to the premiums paid by the insured which have been deposited in the registry of the court amounting to $23.75; consequently, and for the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Lizzie Broady, and against the defendant, Unity Industrial Life Insurance Company, in the sum of $23.75; the costs of appeal to be paid by defendant-appellee and those of the lower court by plaintiff-appellant.

Reversed.