## PIERRE v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.
### No. 16142.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Charles Mundy, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed suit as the beneficiary under a policy of industrial life insurance for the face value of the policy in the sum of $158, and from a judgment in her favor defendant has appealed.

On the ground that the age of the insured as contained in the policy is erroneous, defendant resists payment, but concedes that the plaintiff is entitled to the sum of $142, which would be the amount due under the policy had the insured's age been correctly stated. The pertinent clause of the policy reads as follows:

"If the age of the insured has been misstated, the amount payable hereunder shall be such as the premiums paid would have purchased at the correct age."

In the case of Broady v. Unity Industrial Life Insurance Company, 160 So. 653, we held such a provision to be valid and binding. The only question presented in this case is one of law relating to the admissibility of certain evidence.

The policy is dated February 23, 1931, and shows on its face the age of the insured at next birthday to be 24 years. The weekly premium was shown to be $.10, and the amount of the insurance $158. The insured died on January 21, 1935, and plaintiff, who was the mother of insured, filed with the defendant company an attending physician's certificate of death combined with an undertaker's certificate; both certificates stating that at the time of his death the insured was 32 years of age. On the trial of the case defendant offered in evidence this certificate which was furnished it by plaintiff. Plaintiff's counsel objected to the offer on the ground that it was admissible only in order to prove death and for no other purpose. This objection was sustained by the learned trial judge.

In Joyce on Insurance (2d Ed.) § 3772, p. 6175, the rule is stated as follows:

"Proofs of death are held admissible in favor of the company and against the plaintiff as admissions by him; that is, they are admissible as prima facie evidence of the truth of the facts stated therein against the beneficiary and on behalf of the company; but the whole of such preliminary proofs must be taken together, and although they may be explained or rebutted, still if they

are not contradicted or explained they are conclusive of his right to recover."

This rule seems to be universal in its application, and, consequently, the ruling of the learned trial judge in excluding the document for any other purpose than as proof of death was erroneous. No evidence is contained in the record as to the age of the insured, therefore, the age set forth in the attending physician's certificate of death and the undertaker's certificate furnished by plaintiff is conclusive against her. The record clearly shows that had the insured's proper age, namely, 28 years, been stated in the policy, the amount of insurance at that age and at the weekly premium of $.10 would have been $142.

For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $158 to $142, and that as thus amended it is affirmed; defendant-appellant to pay all costs.

Amended and affirmed.