## JACKSON–ROBERTSON v. LOUISIANA INDUSTRIAL LIFE INS. CO., Inc.

### No. 17002.

Court of Appeal of Louisiana. Orleans.

Feb. 6, 1939.

E. B. Charbonnet, Jr., of New Orleans, for appellant.

George Sladovich, of New Orleans, for appellee.

McCALEB, Judge.

Plaintiff, as the beneficiary under a policy of industrial life insurance, brought this suit against the defendant to recover the face value of the policy which she alleges to be the sum of $300.

The defendant admits the issuance of the policy and its liability thereunder. However, it resists payment of the sum of $300 on the ground that the insured's age is misstated in the policy and that, under the terms of the contract, it is only liable for the sum of $174.48 which is alleged to be the amount of insurance purchasable for the premiums paid by the insured under the policy at her correct age.

In the lower court, there was judgment for plaintiff as prayed for. The defendant has prosecuted this appeal from the adverse decision.

The record reveals the following facts:

On March 15, 1932, the defendant issued its insurance policy on the life of Leona B. Smith in the sum of $300. In the schedule, which is a part of the policy, it appears that the age of the insured was 49 years at the date of issuance and that she was required to pay a monthly premium of $1.42. The policy further provides:

"If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

The insured died on December 17, 1937. Shortly thereafter the plaintiff, as beneficiary under the policy, submitted to the defendant a proof of death wherein she stated that the insured was born on February 28, 1873.

It will be seen from the foregoing that, if the statement made by the plaintiff to the insurance company in the proof of death is true, the age of the insured, which is set forth in the policy to be 49 years at the date of issuance, is incorrect and that she was 59 years of age at the time the policy was taken out.

■ It has been definitely settled by us on two previous occasions (see Broady v. Unity Industrial Life Ins. Co., 160 So. 653, and Pierre v. Liberty Industrial Life Ins. Co., 162 So. 217) that provisions in insurance policies, reducing the amount of the insurance in case there is a misstatement of the age of the insured in the policy, are binding and enforcible. It was also settled, in the last cited case, that the proof of death submitted by the beneficiary to the insurance company, wherein the age declared is different from that stated in the policy, is likewise admissible in evidence as a statement against interest.

■ At the trial below, the judge, while he allowed the defendant to introduce in evidence the proof of death submitted to it by the beneficiary, refused, upon objection made by counsel for plaintiff, to permit the actuary of the defendant to testify concerning the amount payable under the policy at the assured's correct age. This was error.

We are told by counsel for plaintiff that the evidence offered by defendant is not admissible in that to permit such proof would be violative of Section 2 of Act No. 227 of 1916. That Act provides, in substance, that any statements made by the insured may not be received in evidence unless the declarations relied upon are either attached to or endorsed upon the policy. Counsel is mistaken in his interpretation of the statute. The evidence here has not been offered for the purpose of showing a statement by the assured which is not endorsed upon the policy but to prove that, in accordance with the agreement, the amount payable thereunder is smaller because the age of the assured has been misstated. The offer was made in conformity with the conditions of the contract and for the purpose of showing the amount which is actually due thereunder.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law and consistent with the views herein expressed. Plaintiff to pay the costs of this appeal.

Reversed and remanded.