## MANUEL v. PEOPLES INDUSTRIAL LIFE INS. CO.

### No. 5897.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1939.

Rehearing Denied April 28, 1939.

John G. Gibbs, of Natchitoches, for appellant.

Russell E. Gahagan, of Natchitoches, for appellee.

TALIAFERRO, Judge.

On June 24, 1929, Robert Sheppard, a colored man, applied to defendant for insurance on his life in the sum of $424, and requested that plaintiff herein, Elijah A. Manuel, be designated in the policy as beneficiary. The application was favorably acted upon and a policy contract issued, in keeping therewith, on July 15th. Premiums were regularly paid until the insured's death on October 5, 1936. The insurer denied lia-

bility on the policy and this suit was instituted to enforce payment thereon.

Defendant resists the suit on two primary grounds, to-wit: (1) That the issuance of the policy was procured by and through a fraudulent conspiracy to which the wife of defendant's soliciting agent, the beneficiary (plaintiff), and his wife were parties, in furtherance of which the age of the insured was given as 40 years when in truth he was then between 65 and 70 years old; and (2) that neither plaintiff nor his wife had an insurable interest in the life of Robert Sheppard.

Defendant avers that had the true age of Sheppard been disclosed, the policy would not have been issued as the age limit fixed by its rules is fifty years; and that had his true age been learned by it after issuance of the policy, it would have been cancelled.

In the alternative, it is alleged that the weekly premium of forty cents paid under the policy was sufficient only to pay for insurance to the amount of $272 on the life of a person fifty years old, and in consonance with this allegation, defendant prays that its liability on the policy be accordingly reduced.

From a judgment in favor of plaintiff for $272, defendant prosecutes appeal. Appellee prays here that the amount of judgment be increased to $424, the face of the policy.

The testimony discloses with certainty that Robert Sheppard personally initiated the application for the insurance in question, and paid all premiums due thereon, so long as he was financially able to do so, a period of three or four years. When the application was prepared, the insured, plaintiff and his wife, and the wife of defendant's agent were present. Plaintiff or his wife signed Sheppard's name to the application at his request.

Plaintiff is described in the policy as being the insured's son-in-law. This is not true. He married a niece of the insured's wife.

The insured was a very good friend of plaintiff and his wife for many years, and their association was intimate. The latter referred to him as "papa". He was many years her senior. Plaintiff often accommodated him with loans of money. During the last nine months of his life, when he was sick and unable to earn a living, plaintiff and wife lived in his home and cared for his needs and comforts as best they could. They paid his funeral expenses. By his last will and testament he instituted plaintiff his sole heir. Therefore, it is obvious that the insured, by designating plaintiff as beneficiary in the policy, was motivated by sentimental considerations of a serious character, such as often influence men of higher status in life to so do.

■ ■ But, aside from the motives which prompted Sheppard to designate plaintiff as beneficiary, his action in doing so voluntarily does not run counter to law, morals or sound public policy. The designation of a beneficiary in a policy of life insurance, except in instances expressly reprobated by law, addresses itself solely to the insured. He alone is the judge of the propriety of doing so. This principle was clearly announced in Succession of A. Constant Hearing, 26 La.Ann. 326, in this language, viz.:

"A man may take out a policy of insurance on his life in the name of any one, or having taken it out in his own name, he may, with the consent of the assurers, transfer it to whom he pleases. A policy of insurance is not a piece of property; it is the evidence of a contract, the contract being that a certain sum of money will be paid upon the happening of a certain event, to a particular person named in the policy, or who may be the legal holder thereof."

It has since been uniformly adhered to by the courts of this state. The following cases, among the many, so hold: Stuart et al. v. Sutcliffe et al., 46 La.Ann. 240, 14 So. 912; New York Life Ins. Co. v. Murtagh et al., 137 La. 760, 69 So. 165; Pearce v. National Life & Acc. Ins. Co. et al., 12 La.App. 608, 125 So. 776; Robinson v. Washington Fidelity Nat'l Life Ins. Co., 16 La.App. 280, 134 So. 115, 116.

The signed application for the insurance was not attached to nor made a part of the policy contract, either by reference or physical annexing. It was introduced in evidence over objection of plaintiff's counsel. It shows that the insured's age at next birthday would be forty years. Immediately above the closing paragraph of the policy, between parallel lines, in red typed letters, appears "40 yrs." under the printed words, "Age next birthday".

Testimony to prove that the insured was much older than 40 years when the policy issued, also over plaintiff's objection, was admitted.

Plaintiff relies upon the provisions of Act No. 52 of 1906, as amended by Act No. 227 of 1916. This act, after ordaining that every policy of life insurance shall contain

the entire contract between the insurer and the insured, and barring any attempt to incorporate therein any rule, constitutional provision, by-law, etc., of the insurer by reference, further provides:

" * * * and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties, *and no statement or statements not endorsed upon or attached to the policy when issued shall be used in defense of a claim under the policy unless contained in a written application and unless a copy of such statement or statements be endorsed upon or attached to the policy when issued.*" (Italics ours.)

It is not debatable that had the application or a copy of it been attached to the policy, evidence traversing the insured's statement of his age would have been clearly admissible; and the question now arises, did the incorporation of the insured's age in and as an integral part of the policy contract itself, meet the requirements of the act, and does this serve the same purpose that would be served by attaching application to the policy or endorsing thereon the insured's statement as to his age? We have reached the conclusion that it does.

■ The primary objective of the act, as said in Whitmeyer v. Liberty Industrial Life Ins. Co., 166 La. 328, 117 So. 268, 269, is:

"It [referring to the insured's statement] must be contained in a written application for it [the policy]. The law so requires, and prohibits a waiver of the requirement, *in order to more securely protect the insured and the beneficiary against statements appearing on the face of the policy that were not made by the insured or the applicant.*"

■ In that case the application was not introduced in evidence, and it was held that parol testimony offered to prove the insured's age was not admissible. A different case is here presented. The insured's age as given in the policy is the same as declared by him in his application for the insurance. There was no misstatement thereof in the policy; no one has been misled by the contents of the policy in this respect. Presumably, it has been in the insured's possession since delivery to him immediately after issuance. The weekly premiums were determined from the insured's own representation of his age.

This point was considered in Broady v. Unity Industrial Life Ins. Co., La.App., 160 So. 653. It was therein held:

"Where insured's misstatement as to age was not indorsed upon but made integral part of policy, it was unnecessary to offer in evidence application containing same misstatement before being permitted to prove that insured was over age limit when application was signed (Act No. 227 of 1916, § 2)."

Plaintiff cites and relies upon Taylor v. Unity Industrial Ins. Co., La.App., 147 So. 91, decided by this court in 1933. It was held therein that:

"In absence of fraud, misrepresentations made in applying for life insurance are not admissible in avoidance of policy *unless application or statements are embodied in or attached to policy* (Act No. 227 of 1916, § 2)." (Italics ours.)

Here, as said before, the insured's age, as embodied in the application, was carried into the policy and became a part of it. We do not understand that the 1916 act requires that all statements made by the applicant be endorsed upon or attached to the policy as a condition precedent to the admissibility of evidence to traverse the truth of such of the statements as are actually endorsed upon or embodied in the policy.

■ Appellant contends that Act No. 160 of 1934 abrogates the strict rule of evidence established by Act No. 227 of 1916, and, therefore, its provisions are controlling of the issues of the present case. The policy in question issued several years prior to passage of the 1934 act. The Supreme Court in Geddes & Moss Undertaking & Embalming Co. v. First National Life Ins. Co., 189 La. 891, 181 So. 436, definitely held that the 1934 act only operated prospectively.

■ Having reached the conclusion that the testimony relative to Sheppard's age when the policy issued was properly admitted, and having found that such testimony clearly proves his age at the time to be many years above fifty, the maximum for which defendant was authorized to issue a policy, it follows that the policy covenants should be enforced as written.

The policy provides that if the insured's age has been misstated as being fifty or less, when in fact it is more than fifty, that the amount of premiums paid on the policy is the measure of defendant's liability there-

on. This is a perfectly valid stipulation and has been often enforced. Jackson-Robertson v. Louisiana Industrial Life Ins. Co., Inc., La.App., 186 So. 121; Pierre v. Liberty Industrial Life Ins. Co., La.App., 162 So. 217; Broady v. Unity Industrial Life Ins. Co., La.App., 160 So. 653.

Premiums were paid for 375 weeks at the rate of forty (40) cents per week, a total of $150.

For the reasons herein assigned, the judgment appealed from is amended by reducing the principal amount thereof to One Hundred Fifty and no/100 Dollars, and as thus amended said judgment is affirmed.