## ROBERTSON v. LOUISIANA INDUSTRIAL LIFE INS. CO., Inc.

### No. 17192.

Court of Appeal of Louisiana. Orleans.

Dec. 11, 1939.

Rehearing Denied Jan. 9, 1940.

E. B. Charbonnet, Jr., of New Orleans, for appellant.

Geo. Sladovich, Jr., of New Orleans, for appellee.

McCALEB, Judge.

This is the second time this matter has come before us for review. On the first appeal, the main issues of law and fact were definitely settled and the case was remanded by us solely for the purpose of having the lower court receive evidence to establish the amount to which the plaintiff is entitled under the terms and conditions of the insurance policy. See 186 So. 121.

It is apparent, however, from a reading of the record in the case, that the trial judge has misunderstood our previous decision and, in view of this, we believe it to be pertinent to restate briefly the issues involved which have already been considered and decided on the first appeal.

The insurance policy, which is the subject of the suit, was issued by the defendant on the life of the plaintiff's mother for the sum of $300. The insured died while the policy was in force and effect. The defendant admits its liability under the policy but maintains that it is responsible to plaintiff for an amount which is less than the face value of the insurance policy because of the fact that the insured misstated her age at the time the policy was issued.

When the case was originally tried in the lower court, the defendant offered in evidence a proof of death submitted to it by the plaintiff which revealed that the insured was 59 years of age at the time the policy was taken out whereas the insurance was issued under the belief that the assured was only 49 years old. The policy contains the provision that "If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age." Relying upon this provision and the proof of death submitted to it by the plain-

tiff, the defendant sought to prove by its actuary the amount of insurance which would have been purchasable by the insured if her age had been correctly stated at the time she took out the insurance. Upon objection to this evidence by counsel for plaintiff, the judge refused to receive it and granted judgment in favor of plaintiff for the face value of the policy.

After a review of the case on the defendant's appeal, we found (1) that the policy provision reducing the insurance, in case the insured's age had been misstated, was binding and enforcible; (2) that the proof of death submitted by plaintiff, which revealed that there had been a misstatement of age, was properly received in evidence as an admission against her interest; (3) that the plaintiff had failed to controvert the fact that there was a misstatement of age by submitting other evidence for that purpose, and (4) that, in view of the policy provision, the trial judge was in error in not permitting the defendant to offer expert proof to show the value of the insurance at the correct age of the insured. In short, all of the issues in contest were decided and the case was remanded solely for the purpose of admitting evidence to establish the amount which plaintiff was entitled to recover.

When the case was remanded to the lower court, the defendant company, in conformity with our ruling, tendered the testimony of its actuary, Mr. D. D. Shackelford, who asserted that the insurance purchasable by a person 59 years of age, in consideration of a premium of $1.42 per month, would be $177.48.

The plaintiff did not offer any evidence to rebut the testimony of Mr. Shackelford and she does not contend that the statement given by him is incorrect. She attempted, however, to show, over the objection of defendant's counsel, that the age of her mother had not been misstated. The trial judge, apparently being under the impression that this question had not been determined by us, permitted her to submit this character of proof. This was error.

■ In our previous decision, we found that the proof of death submitted by the plaintiff to the defendant after the insured's death, in which she stated that her mother was born in 1873, was clearly admissible as a statement against her interest. The plaintiff did not see fit to contradict this statement by producing evidence tending to show that it was made in error and, when the case was first submitted on appeal, she did not request that the matter be remanded for that purpose. Under these circumstances (see Albert v. New Capital Industrial Life Insurance Co., La.App., 154 So. 755), we ruled that the insured had misstated her age and the case was remanded solely for the purpose of fixing the value of the insurance. Hence, when the matter was retried in the lower court, the issue was limited and the judge was without right to permit plaintiff, over timely objection, to attempt to contradict the fact that the insured had misstated her age at the time the policy was taken out.

■ The judgment granted by the trial court in favor of the plaintiff is for $300. It is obviously incorrect in view of the uncontradicted evidence submitted by the defendant to the effect that the insurance purchasable with the premiums paid by the assured at her correct age would be $177.48.

■ The only other question involved concerns the payment of costs. When the suit was filed, the defendant, in its answer, set forth that the limit of its liability was $177.48 and it deposited this amount in the registry of the court. It further asserted that it had denied plaintiff's claim in the sum of $300 and had tendered to her the sum for which it conceived itself to be liable. On the trial of the case, no proof was adduced by it to sustain this latter allegation of its answer. It follows that it is liable for all costs which had accrued prior to the date of its deposit in the registry of the court. See Code of Practice, Art. 416.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount thereof from $300 to $177.48 and, as thus amended, it is affirmed. The defendant to pay all costs incurred prior to the date the amount for which it is cast was paid into the registry of the court, all other costs to be paid by the plaintiff.

Amended and affirmed.