[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *West Page 770 
On April 18, 1938, Earl Prilleux applied in writing to the defendant, Metropolitan Life Insurance Company, for the issuance of an industrial insurance policy upon his life in the sum of $670. In answer to certain questions contained in the application regarding the receipt of medical treatment, he stated that he had not "been under treatment in any clinic, dispensary, hospital or asylum within the past five years", and that he had not been under the care of any physician within three years. He further stated that he had never had any of the numerous diseases listed in the application, that he was in sound health, and that he did not have any physical or mental defect or infirmity. This application for insurance was subsequently approved by the defendant company and on May 2, 1938, it issued to Prilleux a policy of industrial life insurance providing for the payment to his wife, Jannett Prilleux, the designated beneficiary, the sum of $670 upon his death.
About four months after the issuance of the policy, on August 23rd, 1938, Prilleux died as the result of complications growing out of a surgical operation that he had had at the United States Marine Hospital in New Orleans on October 1, 1937, some six months before applying for the issuance of the policy. It appears further that Prilleux had received medical treatment at the same hospital during the period from September 11, 1937, to October 27, 1937.
After Prilleux's death, his wife, the beneficiary designated in the policy, filed with the defendant a proof of the assured's death and made claim upon it for payment of $670, the face value of the policy. Upon the rejection of her demand by defendant, she filed this suit to recover its proceeds.
The defendant company resists liability upon the ground that the insured Prilleux had received medical treatment within two years prior to the issuance of the policy without any reference to such treatment having been endorsed upon the policy and the policy was, therefore, voidable under its "when policy is voidable" clause. That clause reads as follows:
"When Policy is Voidable. If (1) within two years prior to the date of issue of this Policy the Insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such institutional, surgical, or medical treatment or attention was for serious disease, injury, or physical or mental condition; or if (2) prior to such date of issue the Insured has been rejected for life insurance by this or any other insurer; then, in any such case, this Policy shall, subject to the clause entitled Incontestability, be voidable by the Company, unless reference to such institutional, surgical, or medical treatment or attention, or such prior rejection, is endorsed on this Policy by the Company. If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid."
In accordance with the foregoing policy provisions, the defendant, Metropolitan Life Insurance Company, in its answer, tendered and deposited in the registry of the court the premiums theretofore paid on the policy, amounting to $9.50.
After a trial in the District Court, there was judgment in plaintiff's favor for the amount claimed, $670, and defendant has prosecuted this appeal.
Plaintiff contends that the "when policy is voidable" clause, which the defendant has invoked as a defense to this action, is *West Page 771 
unenforcible on the ground that its provisions are in conflict with the statutory law of this state.
The statutes upon which plaintiff relies are Acts Nos. 52 of 1906 (as amended by Act No. 227 of 1916), 97 of 1908, 160 of 1934 and 144 of 1936.
The particular policy provisions at issue in this case have not been heretofore passed upon by the appellate courts of this state. Under this "when policy is voidable" clause of the policy the insurer is required to prove that the insured has received medical or surgical treatment or attention within two years prior to the date of the issuance of the policy and that no reference to this treatment was endorsed upon the policy. It then becomes incumbent upon the claimant to adduce those facts and circumstances which are peculiarly within his knowledge, or easily obtainable by him to show that the disease, injury or physical or mental condition for which treatment had been given was not of a serious nature. If such a showing is made by the claimant, then liability attaches under the policy. This slight burden is imposed upon the claimant only when the insured's death occurs within the contestable period of one year after the date of issue of the policy and when the insured has failed to have endorsed upon the policy a reference to any such institutional, surgical or medical treatment or attention had by the insured within two years prior to the date of issuance of the policy. If the insured lives for a full year after the issuance of the policy, it cannot be contested for a health condition or for any other reasons, since the incontestability clause of this policy in question so provides. If, on the other hand, the insured dies within the contestable period of one year, the policy will be paid unless there was a serious condition or disease which had not been revealed, and in this event the premiums theretofore paid on the policy are returned by the company.
We will now consider whether the statutory laws of this State, hereinabove referred to, in any way prohibit the enforcement of the policy provisions under consideration.
The plaintiff contends that defendant insurer was presumed to have had full knowledge of the health of the insured in view of Acts No. 97 of 1908 and 144 of 1936.
In the recent case of Succession of Ryan v. Life Casualty Insurance Company of Tennessee, 198 So. 522, 526, after an exhaustive review of the pertinent statutes, we held that Act No. 144 of 1936 superseded Act No. 97 of 1908 insofar as industrial life insurance policies are concerned and that the Act of 1936 was not applicable to an industrial policy issued upon the written application of the insured, or to an industrial policy issued after a medical examination of the insured. We said:
"* * * Our present view is that the language used by the Legislature indicated a clear intention on its part to make the statute [Act No. 144 of 1936] inapplicable to policies of industrial life insurance which are issued either upon a written application or a medical examination. The statute is a special one and obviously supersedes the general law (Act No. 97 of 1908) insofar as industrial life insurance policies are concerned. * * *"
However, plaintiff contends that the written application is not admissible in evidence in this case, and, this being so, the policy at issue must be considered as having been obtained without an application and subject, therefore, to the provisions of Act No. 144 of 1936. The basis of this contention is that the defendant, in its answer, failed to allege that there had been such a written application.
In its answer the defendant quoted in full the text of the "when policy is voidable" clause of the policy. It specially pleaded that, in view of its provisions, the policy on which plaintiff's action was founded was void since the insured had received medical treatment at the Marine Hospital from September 11th to October 27th, 1937, and that plaintiff had not shown that such treatments were not for a serious disease or condition. It is plaintiff's contention that defendant should have also averred in its answer that the policy was an industrial one and that it had obtained a written application, thereby affirmatively showing that the policy was not subject to the provisions of Act No. 144 of 1936.
We do not believe that there is any merit in this contention. Plaintiff's cause of action is based upon an insurance contract, which shows, on its face, that it is an industrial policy. Under the provisions of Act No. 160 of 1934, the written and signed application of the insured is made "a part of the contract of insurance issued thereon, whether or not the application or *West Page 772 
a copy thereof be attached to or indorsed upon the policy when issued."
In Lapeyrouse v. Orleans Industrial Life, Health, Accident 
Burial Benefit Insurance Co., Inc., 4 So.2d 569, decided on November 17, 1941 we said:
"When the policy [industrial life] was written the assured was not required to submit himself for a medical examination but a written and signed application was obtained from him, though it was not attached to nor made a part of the policy. However the policy was issued since the enactment of Acts Nos. 134 and 160 of 1934, and therefore it was not controlled by Act No. 52 of 1906, as amended by Act No. 227 of 1916, and consequently, even though the application was not attached to nor made part of the policy, it could be relied upon to show what statements were made by the assured at the time the application was signed.
* * * * * *
"This statute [Act 160 of 1934] effected a significant change in the law concerning the proof of misrepresentation by an applicant for industrial insurance because prior to its enactment, Act No. 52 of 1906 prevented an insurer, desiring to rely upon the defense of misrepresentation, from pointing to statements contained in an application unless the application should have been attached to and made a part of the policy."
It was therefore unnecessary, in order to introduce the application in evidence, for defendant to allege that the policy was an industrial policy and that a written application had been obtained.
Since there was a written application, signed by the insured, Act No. 144 of 1936 is inapplicable. Nor has Act No. 97 of 1908 any application here since this is a policy of industrial insurance. See Succession of Ryan v. Life Casualty Insurance Company of Tennessee, supra.
Consequently, the provisions contained in the "when policy is voidable" clause cannot be said to be in any way violative of either statute. Nor are the provisions contained in that clause in violation of Act No. 52 of 1906. The policy was issued after the enactment of Act No. 160 of 1934, and, as we have pointed out in the Lapeyrouse case, supra, such a policy is not controlled by Act No. 52 of 1906.
At this point it should be noted that we are aware of the fact that Act No. 144 of 1936, was amended by Act No. 140 of 1938. This amendment provides that, after one year from date of issuance, industrial life insurance policies are incontestable save and except for non-payment of premiums. The policy under consideration contains a similar incontestable clause. The latter amending statute has no application to the instant case since the policy was issued before the effective date of the amendment. Geddes Moss Undertaking Embalming Company v. First National Life Insurance Company, La.App., 177 So. 818; Manuel v. Peoples Industrial Life Insurance Company, La.App., 189 So. 311; Williams v. Peoples Industrial Life Insurance Company of Louisiana, La.App., 191 So. 331. The incontestable clause of the policy is likewise inapplicable since the insured died four months after its date of issuance.
Plaintiff further contends that, "under Act No. 160 of 1934, no policy of industrial life insurance shall be void unless the insured wilfully conceals facts as to his ill health" and that "the clause, therefore, is also in conflict with Act No. 160 of 1934 which requires an allegation and proof of fraud to avoid a policy of industrial life insurance".
We believe that in this contention plaintiff is in error. Act No. 160 of 1934 simply provides that, if an insurance company seeks to avoid liability under its policy on the basis of misrepresentations made by the assured in the application, the company must show that such misrepresentations were (a) wilful on the part of the assured and (b) concealed facts as to the ill health of the assured at the time of the application. See Succession of Ryan v. Life Casualty Insurance Co. of Tennessee, supra. In the instant case the defendant is not in any way attempting to avoid liability under the policy on the basis of misrepresentations made by the insured in his application. The defendant undoubtedly had the right to show that statements made by the insured in his application were wilful misrepresentations and concealed facts as to his ill health. However, defendant has not elected to urge this defense or take advantage of the rights granted by Act No. 160 of 1934. The fact that it may have had other defenses of which it might have taken advantage, does not render any less enforcible its policy provisions under consideration in the case. Defendant is not seeking to avoid liability here on the ground of misrepresentation. Therefore, *West Page 773 
Act No. 160 of 1934 is inapplicable and, being inapplicable, it offers no reason whatsoever why the provisions of the "when policy is voidable" clause should not be enforced.
Plaintiff also contends that, because of the cases of Knowles v. Dixie Fire Insurance Company, 177 La. 941, 149 So. 528, Brough v. Presidential Fire Marine Insurance Company, 189 La. 880,181 So. 432, and Silver v. National Life Accident Insurance Company, 6 La.App. 95, the policy provisions in question are unenforcible. A reading of the cited cases will disclose that they are completely inapplicable to the issues now before this court.
The Knowles and Brough cases, supra, involved policies of fire insurance and were decided under the provisions of Act No. 222 of 1928. That statute expressly provides that no policy of fire insurance should be declared void by the insurer because of the breach of any condition contained in the policy unless it be shown by the insurer that the breach of that condition "would increase either the moral or physical hazard". The defendants in those cases sought to void the policies because of the violation of certain conditions contained therein. However, in each case the defendant failed to show and prove that the breach of the conditions had increased the moral or physical hazard as required by Act No. 222 of 1928. The conditions of the policy relied upon in those cases were the very conditions referred to in the statute, and those conditions were clearly subject to the provisions of the statute. Therefore, in order for the insurer, under the very terms of the statute (Act No. 222 of 1928) to take advantage of those conditions, it was incumbent upon the insurer to show that the breach of those conditions had, in fact, increased the moral or physical hazard. Having failed to show any increase in the physical or moral hazard, the insured failed to bear the burden imposed upon it by the statute, and accordingly the assureds in those cases were permitted to recover on the policies.
The policy provisions under consideration here are not in any way referred to, qualified or limited by the terms of Act No. 160 of 1934. Therefore, the reasoning of the Supreme Court and the principles in the Knowles and Brough cases have no application upon the issue now before this court.
In the case of Silver v. National Life Accident Insurance Company, supra, the policy contained a provision to the effect that "no obligation is assumed by the company prior to the date thereof, nor unless on said date the insured is alive and in sound health." The insurer had required no medical examination of the insured and therefore Act No. 97 of 1908 was applicable. Under the terms of that act, the insurance company, in the absence of a medical examination, was charged with knowledge of the previous condition of the insured's health and was presumed to have waived the right to claim any forfeiture on that ground. This court held, therefore, that the enforcement of the policy provisions would have had the effect of relieving the company of the waiver with which it was charged by the statute and that the policy provision was therefore violative of Act No. 97 of 1908. The principles announced in that case are wholly inapplicable to the present case for the reason that Act No. 97 of 1908, as we have pointed out in the Ryan case, supra, has been superseded by Act No. 144 of 1936 insofar as industrial policies are concerned. Hence the Silver case is not in point.
It is seen, therefore, that there is no prohibitory law in this state to preclude the enforcement of the provisions of the "when policy is voidable" clause of the policy under consideration. Further, we cannot conceive of any theory upon which it could reasonably be held that the enforcement of the provisions of the clause would be in contravention of any public policy of this state. The clause is simple, specific and definite. It is a reasonable contractual reservation of a right to avoid the policy within a reasonable time after its issuance in either of two events contained in the clause (which events are themselves reasonable), conditioned on the existence and affirmative proof of such fact or facts by the insurer. Accordingly, we believe that the clause in question is enforcible.
In Muse v. Metropolitan Life Insurance Company, 193 La. 605,192 So. 72, 75, 125 A.L.R. 1075, the Supreme Court quoted with approval the following from Ruling Case Law:
"In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, *West Page 774 
or to take anything from them." 14 Ruling Case Law, pp. 929, 930.
As we have previously pointed out, this "when policy is voidable" clause has never been construed by an appellate court in this state. However, this clause has been previously upheld by a district judge of this state. (See reasons for judgment of Judge Harold A. Moise of Division "C" of the Civil District Court for the Parish of Orleans in the case of Sarah Merrisield, Widow of Joseph Navarro Garza, v. Metropolitan Life Insurance Co., No. 236,761 of the docket of that court).
Further, it is to be noted that the clause in question has been passed upon by the higher courts of several of our sister states, and in each case the provisions of the clause have been held enforcible. See Baum v. Metropolitan Life Insurance Company,144 Pa. Super. 37, 19 A.2d 486; Davis v. Metropolitan Life Insurance Company, Ohio App., 31 N.E.2d 98; Brown v. Metropolitan Life Insurance Company, Mo.App., 151 S.W.2d 499; Grant v. Metropolitan Life Insurance Company, 194 S.C. 25, 9 S.E.2d 41; McDermott v. Metropolitan Life Insurance Company, Sup., 8 N.Y.S.2d 896, affirmed in 261 App. Div. 950, 27 N.Y.S.2d 462.
Finding, as we do, that the policy provisions of the "when policy is voidable clause" are enforcible, we will now see whether the defendant has submitted proof in this case so as to make the clause applicable here. Under the provisions it was incumbent upon the defendant, Metropolitan Life Insurance Company, to show that the insured had undergone medical treatment within two years prior to the issuance of the policy, that no reference to such medical treatment had been endorsed upon the policy, and that the insured died within a year after its issuance. The defendant has shown without dispute that the insured received medical treatment and underwent a serious surgical operation at the United States Marine Hospital in the City of New Orleans within two years prior to the issuance of the policy; that no reference to this medical treatment had been indorsed on the policy, and that Prilleux died about four months after the policy was issued. Having made this showing, it then became incumbent upon the plaintiff, under the provisions of the clause in question, to show, in order to recover on the policy, that such medical treatment was not for a serious disease, or injury, or physical condition. This the plaintiff has completely failed to do. Accordingly, she cannot recover the face value of the policy, but is entitled only to the premiums theretofore paid. These premiums amount to $9.50.
The only other questions involved concern the allowance of interest and the payment of costs.
As we have previously pointed out, when this suit was filed, the defendant in its answer set forth that the limit of its liability was $9.50, the amount of the premiums paid, and it deposited this amount in the registry of the court. It follows, therefore, that the defendant is liable only for all costs which had accrued prior to the date of its deposit in the registry of the court. See Code of Practice, Article 416, and Robertson v. Louisiana Industrial Life Insurance Company, La.App., 192 So. 385.
According to Article 554 of the Code of Practice and Article1938 of the Civil Code, all debts bear interest at the rate of 5 per cent. per annum from the time they become due, unless otherwise stipulated. Under the terms of the policy in question here, the amount provided therein did not become due until the submission of proofs of loss. There is nothing in the record to show when the proofs of loss were submitted. However, it is certain that they were submitted at some time prior to the filing of this suit. Therefore, we will allow interest at the rate of 5 per cent. from the day on which this suit was filed until the day on which defendant deposited in the registry of the court the amount of $9.50, which we have found to be due. See Dominique v. Liberty Industrial Life Insurance Company, La.App., 192 So. 110.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount thereof to $9.50 and allowing 5 per cent. interest thereon from January 11, 1939, to February 27, 1939, and, as thus amended, it is affirmed. Defendant to pay all costs incurred prior to the date the amount for which it is cast was paid into the registry of the court; all other costs to be paid by the plaintiff.
Amended and affirmed. *West Page 775