Plaintiffs, Campbell's Funeral Service, Inc., and Cherless Miller, alleging that they are, respectively, the assignee and beneficiary of a policy of industrial life insurance issued on October 23rd 1939 by the defendant, Peoples Industrial Life Insurance Company, on the life of a colored man named Richard Brown, brought this suit to recover the face value of the policy amounting to $144.
The defendant admits the issuance of the policy, payment of premiums thereon and the death of the insured. However, it resists any liability under the contract, except for the premiums paid by the insured amounting to $8.40 which it deposited in the registry of the court, on the ground that, whereas the insured represented that his age *Page 290 
was 42 years at the time he obtained the insurance, in truth and in fact his age was 74 years and that, since it does not write insurance on the life of any person more than 50 years of age, its liability to the plaintiffs is limited, as aforesaid, to the amount of the premiums paid by the insured.
After a hearing in the lower court on the foregoing issue, judgment was rendered in defendant's favor and plaintiffs' suit was dismissed as of nonsuit. Plaintiffs have appealed and the defendant has answered praying that the judgment below be amended by dismissing plaintiffs' suit absolutely.
The policy issued by the defendant provides: "If the age of the Insured has been mis-stated, the amount payable under this Policy, or the non-forfeiture privileges granted herein, shall be such amount as the premium paid would have purchased at the correct age of the Insured, and if the age is in excess of the maximum age for which Policies of this class are issued, the premiums paid in on this Policy shall be the full amount due."
Defendant, in support of its contention that its liability is limited to the amount of premiums paid by the insured because he was 74 years old at the time of the issuance of the policy, submitted adequate proof of the fact that it does not issue policies of the type herein sued upon to persons over 50 years of age. Therefore, under the authority of Broady v. Unity Industrial Life Ins. Company, La.App., 160 So. 653, and Manuel v. Peoples Industrial Life Ins. Co., La.App., 189 So. 311, defendant is liable only to the extent of the premiums paid by the insured, if it be true, as it contends, that the insured misstated his age and that he was over 50 years old at the time he obtained the insurance.
In support of its contention that the insured's age was misstated at the time of the issuance of the policy, defendant offered in evidence the certificate of death of the attending physician of the insured which was furnished to it by Miller, the beneficiary of the policy. This certificate exhibits that the insured died on August 31st, 1940, at the East Louisiana State Hospital for the Insane at Jackson, Louisiana and that his apparent age at the time of his death was 75 years. In addition, defendant offered the undertaker's certificate executed by plaintiff, Campbell's Funeral Service, Inc., which states that the age of the insured given on the burial permit was 75 years.
Defendant also submitted the evidence of Mr. William Harvey Venable of Liverpool, Louisiana, whose testimony was taken by deposition. Mr. Venable stated that he was 82 years old; that he knew the insured since 1875 or 1876, or a period of 65 or 66 years; that, when he was first acquainted with the insured, the latter was a hired hand; that, at that time, he (Venable) was about 17 years of age and that Brown was somewhat younger. He declares that he last saw Brown in the spring of 1940 and the latter was quite "feeble and tottery" at that time.
The only evidence produced by plaintiffs to rebut the showing of defendant is the testimony of one Silas Brown who claims to be a brother of the insured. He states, in substance, that he is 50 years of age; that his mother and father told him that he was the oldest one of the family and that he had a sister older than the insured. According to the testimony of this witness, the insured was about 42 years of age in 1939 when the policy was issued. This corresponds with the statement in the policy.
The trial judge was evidently of the opinion that the defendant had proved to his satisfaction that the insured had misstated his age and that he was 74 years old when the policy was issued. It is our opinion that the judge did not err in this conclusion. Aside from the fact that the evidence produced by the defendant convinces us that Brown was apparently a very old man at the time of his death, we consider it to be significant that neither the plaintiff, Miller, who is a brother-in-law of the insured, nor his wife, the insured's sister, was produced to testify with respect to the age of the insured. It is also singular that, although S.L. Campbell, the owner of the plaintiff undertaking concern, took the witness stand and testified that he knew Brown, he did not attempt to state his age.
Counsel for plaintiffs, in brief and in oral argument, states that the age given by the attending physician in his certificate of death is erroneous and he directs our attention to the fact that Hattie Miller, the wife of one of the plaintiffs, subsequently submitted to the insurance company an affidavit in which she stated that the correct age of her brother at the time of his death was 43 years. But this ex-parte affidavit does not have probative value. If counsel *Page 291 
desired to have the benefit of Hattie Miller's statement, he should have summoned her to testify at the trial or have her evidence taken by deposition. No explanation is given as to why she was not produced.
While we agree with the trial judge that the defense interposed by the insurance company is well founded, we find that he is in error in dismissing plaintiffs' suit as of nonsuit. There is no good reason to permit the plaintiffs to renew this litigation in the future. The issue as to the insured's age was fully detailed in defendant's answer and plaintiffs knew the nature of the evidence which they would be required to overcome. Therefore, the judgment should not have been one of nonsuit but a final judgment should have been rendered in plaintiffs' favor for the sum of $8.40, representing the amount of premiums paid by the insured, which the defendant admits is due under the policy and which was deposited by it in the registry of the court at the time it filed its answer. And the defendant should have also been condemned to pay all costs incurred prior to the date upon which the $8.40 was deposited in the registry of the court for, while defendant states in its answer that it had previously tendered the amount of the premiums to plaintiff, Miller, no proof was submitted by it to sustain this allegation. See Robertson v. Louisiana Industrial Life Insurance Co., La.App., 192 So. 385 and Prilleux v. Metropolitan Life Ins. Co., La.App., 4 So.2d 768. It follows that the judgment appealed from must be reversed in these particulars.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of plaintiffs, Campbell's Funeral Service, Inc., and Cherless Miller and against defendant, Peoples Industrial Life Insurance Company, for the sum of $8.40 which has been deposited in the registry of the court by the defendant. The defendant is to pay all costs incurred prior to the date the amount for which it is cast was paid into the registry of the court; all other costs to be paid by the plaintiffs. *Page 468