ELLIS, Judge.
Plaintiff filed suit for recovery of damages to his 1957 Oldsmobile sedan as a result of a collision on September 1st, 1959 with a vehicle insured by the defendant. Plaintiff alleged that as a result of the accident the Oldsmobile was completely destroyed and that at that time it had an actual cash value of $2710.00.[1]
Defendants filed answer admitting their liability to plaintiff for damages to his automobile and tendered the sum of $1820.50 into the registry of the Court “ * * * to be held pending the further orders of this Court and subject to the right of plaintiff to withdraw same * * * ”, alleging that amount to be the net market value of the automobile on the date of the accident. Defendants further tendered the sum of $31.55 representing the accrued interest and costs as of the date of the tender, July 27, 1960, “* * * subject to the right of plaintiff to withdraw same * * *
An order for trial by jury was signed on November 21, 1960 and the case assigned for trial at that time. On the date of the trial counsel for the defendants made timely objection to trial by jury on the ground that the bond upon which the assignment of the case for trial by jury was conditioned was not filed until January 16, 1961, and therefore it was error to fix the case for trial by jury under LSA-R.S. 13:3050 which provides that “ * * * No jury shall be ordered in any civil case unless a deposit is made and bond given.” See also Wilson Sporting Goods Company v. Alwes, 17 So. 2d 382.
The second ground of defendant’s objection was that due to the deposit of $1820.-50 in the registry of the court, subject to the right of the plaintiff to withdraw same, and the total amount of plaintiff’s claim being $2710.00, that the amount in controversy on the date of the trial was less than $1000.00 exclusive of interest and costs.
Both objections were overruled and the case was tried on the merits before a jury and judgment was rendered in favor of the plaintiff in the amount of $2510.00. Application for new trial was made, refused, and the defendants have appealed from the verdict of the jury and the judgment of the lower court in accordance with said verdict.
Counsel for appellants does not insist, either in argument or brief, upon the objections made to the trial by jury, although he maintains that they should have been sustained under the authority which he cited. In his brief he states that to have moved for a continuance or to have applied for writs or to have taken an appeal at the time the objections were overruled would only have increased the costs and defeated *110 the purpose of the objections, and that any action on the part of this Court could only be in the direction of a remand. Counsel for appellants further states in his brief that the point is only brought to the court’s attention to show that possibly the jury “called from their work to spend a day in court in a trial involving such a small amount of money, might well have thought appellants were being picayunish — an attitude which might well have some bearing on the jury’s reaction complained of below.”
However, counsel for defendant submits that the jury committed manifest error in awarding $2510.00 as damages in this case as the jury deducted the stipulated salvage value of $200.00 from the amount of plaintiff’s demand of $2710.00, whereas there was no evidence to support such an, award. This contention addresses itself purely to the evidence as it is a question of fact.
The testimony shows that the Oldsmobile Holiday sedan was purchased by the plaintiff from Sellers Motor Company in Pon-chatoula on June 6th, 1957, and on September 1st, 1959 was damaged in the collision and had a salvage value of $200.00 after the accident which should be deducted from the actual value of the automobile on that date prior to the accident. The plaintiff estimated that the car had fifty to fifty-five thousand miles “because I drive a car twenty-five thousand a year,” but on cross examination admitted that it could possibly have had sixty-eight thousand miles. As to this fact, James R. Sellers, an appraiser and witness for the defendants, testified that on the date of his inspection “the best I can remember the car had sixty-five thousand or seventy thousand miles on it * * * Regardless of the mileage, the plaintiff proved that the car was in good condition and introduced a number of repair bills to corroborate his testimony that he always kept his car in excellent condition as he was a salesman and did a lot of traveling.
Plaintiff testified that he had attempted to reach an amicable adjustment as to value and damage to his automobile with Charles Branch, an adjuster with the General Adjustment Bureau which represented plaintiff’s insurer, and in connection with his claim he had filled out a proof of loss form in which he had stated that the value of his vehicle was $2310.00. However, Mr. Branch had not agreed with him and under the terms of the policy plaintiff had appointed an appraiser, Kelly Phares, at that time sales manager for the Hooks Pontiac Company in Hammond, La., and the insurance company had appointed James R. Sellers, both of whom testified as witnesses on behalf of defendant and whose testimony will be hereinafter discussed.
Sellers and Phares proceeded to inspect and appraise the plaintiff’s automobile in accordance with their appointment and filled out a form entitled “Memorandum of Appraisal” and “Declaration of Appraisers”, which was a sworn statement signed by both appraisers in which they fixed the value of the plaintiff’s Oldsmobile prior to the date of the accident at the sum of $2000.00. Plaintiff testified that he and Sellers had some sort of disagreement, however, he had had his car repaired at Hooks Pontiac Company where his appointed appraiser, Phares, was employed on the date of his appointment.
Plaintiff also offered the testimony of George Wylie who had been engaged in the automobile business in the City of Hammond for approximately twelve years and who had grown up in his father’s automobile business. He testified that plaintiff’s automobile “should be worth some where around $2400.00. It had everything you could put on an Oldsmobile.”
Plaintiff’s other witness was M. M. Parrish, a resident of Ham'mond, Louisiana, who had sixteen years prior experience in the selling of automobiles in New Orleans and who had been engaged in the retail sales of automobiles in Plammond for eleven years. Under direct examination he testified that the value of plaintiff’s automobile prior to the wreck on September 1, *111 1959 was in his opinion between “$2400 and $2500.” This evaluation was related hack to approximately a “month or so” before it was wrecked, as he saw the car then when he was attempting to sell plaintiff a new car. On cross examination he was asked the following question and gave the following answer:
“Q. And you made this appraisal or rather this evaluation, which you placed on the car for the purpose of trading ?
“A. Trading or buying, I figured the car would retail for around $2700 or $2750.”
This is the only testimony in the record that this automobile was worth around $2700 or $2750, and it is evidently the testimony upon which the jury based its evaluation of $2710.00 from which they deducted the $200.00 salvage value in arriving at the $2510.00 verdict for the plaintiff. This witness did not testify that he would give that amount for plaintiff’s automobile but, on the contrary, testified positively that in his opinion it had a value of between $2400 and $2500.
Thus we have values fixed by the witnesses in this case at $2000.00, $2400.00, $2500.00, and by the plaintiff himself at $2310.00, which added together and divided by four, would give an average value of $2302.50. All of the parties who testified were qualified and, we are sure, honest in their appraisals. We are not advocating nor laying down a rule for arriving at the value by this method, however, where all the witnesses are well qualified and honest in their opinions and there is nothing in the record to warrant accepting or rejecting their individual appraisals when compared with each other, we find no objection to arriving at an average value.
We believe the plaintiff placed a fair, sincere and honest value upon his .automobile in his sworn appraisal containing the value of $2310.00. We also believe that the verdict of the jury in fixing the value at $2710.00 is contrary to the preponderance of the evidence and is manifestly erroneous, and we therefore fix the amount of damages suffered by the plaintiff at $2310.00 less $200.00 salvage value, or $2110.00.
Counsel for appellants contends that the judgment is erroneous also in that it fails to accord appellants credit for the amount previously deposited and to stipulate that interest should run only on the excess. We cannot agree with counsel in this contention for the reason that the tender was not made without prejudice but merely “subject to the right of the plaintiff to withdraw said sum so deposited.”
The case cited by appellants of Prilleux v. Metropolitan Life Insurance Company, La.App., 4 So.2d 768, is not controlling under the facts. In that case the insurance company in its answer tendered and deposited in the registry of the court the premiums theretofore paid on the policy amounting to $9.50. After trial and appeal, this was the exact amount which was found to be due plaintiff. This is not true in the case at bar, as plaintiff has obtained a judgment for more than the amount deposited. Furthermore, the plaintiff could not safely withdraw the amount of the tender deposited in the registry of the court for it was not deposited specifically without prejudice so that plaintiff could be assured of his right to proceed thereafter for the additional amount of his claim.
It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff by reducing said judgment to the sum of $2110.00 together with interest from judicial demand until paid.
It is further ordered, adjudged and decreed that the costs of this appeal be paid by the plaintiff-appellee and all costs in the court below be paid by the defendant-appellant.
Accordingly, the judgment of the lower court is hereby amended and as amended affirmed.
Amended and affirmed.

. It was conceded on the trial of the case that the plaintiff’s automobile had a salvage value of $200.00 after the collision.