SAMUEL, Judge.
This is a suit against a general contractor and its surety on a building contract to recover $4,710.43 for certain oven and surface units furnished by plaintiff and installed in various buildings constructed by the contractor and bonded by the surety. The petition also prays for 10% of the amount in suit as attorney’s fees under LSA-R.S. 9:3902 and for interest and costs.
The surety admitted liability of the principal amount in suit, $4,710.43, and deposited that sum in the registry of court on April 8, 1960, but denied liability for attorney’s fees, interest and costs. The deposit was withdrawn by the plaintiff on April 27, 1961.
The trial court rendered judgment in favor of plaintiff for $4,710.43 plus interest from date of judicial demand until April 27, 1961, the date of withdrawal, subject to a credit of $4,710.43, and for costs, but denied plaintiff’s demand for attorney’s fees. Plaintiff has appealed praying that the judgment be reversed as to attorney’s fees and defendant has answered the appeal seeking a reversal of the awards for interest and costs.
Only two issues are presented by the appeal and answer thereto: (1) whether or not plaintiff is entitled to 10% attorney’s fees under the provisions of LSA-R.S. 9:3902; and (2) whether or not plaintiff is entitled to any interest and costs or, alternatively, to interest and costs from date of judicial demand until date of deposit rather than date of withdrawal of the deposit.
The facts are not in dispute. Plaintiff sent a letter to the contractor demanding the sum of $5,125.78 for materials delivered to various houses constructed by the latter, the sum demanded being the total of 16 invoices for oven and surface units installed in the buildings. Plaintiff also sent a letter to the surety enclosing the invoices and stating: “We are making demands upon the contractor, Hamlin Homes, Inc., and will expect to demand attorney’s fees if these claims are not paid within the time provided by the statute.” This letter to the surety is the “demand” upon which plaintiff bases its claim for attorney’s fees.
The amounts claimed were not paid and, slightly more than three months after the date of the two letters, plaintiff filed two suits, each against both defendants. One suit was based upon two of the invoices in the amounts of $247.20 and $168.18 respectively. The other suit, the instant case, was based upon the balance of the invoices, the total amount of which was $4,710.43.
In the first suit the surety voluntarily paid the invoice for $168.15 and filed an exception to the balance of the suit. The exception was maintained and the suit dismissed. No appeal was taken from that judgment and it has become final. In the instant case the surety deposited $4,710.43 in the registry of court, as above set forth, on the same day on which it filed its answer.
The statute upon which plaintiff relies for the imposition of attorney’s fees, LSA-R.S. 9:3902, reads as follows:
“If the surety on a bond fails to pay his obligation and it becomes necessary for the creditor to sue thereon, the latter shall be entitled to ten per cent attorney’s fees on the amount recovered, provided he has employed an attorney for the purpose, has made written amicable demand on the principal and sure *230 ty and thirty days have elapsed from their receipt thereof without payment being made, and the full amount claimed in the demand is recovered.
“This Section shall not affect the right to recover interest and costs as otherwise provided by law.” 4 LSA-R.S. 9:3902.
The last clause of the first quoted paragraph clearly provides as a condition precedent to the recovery of attorney’s fees that the creditor recover the full amount claimed by him in the written amicable demand on the principal and surety. Penalty statutes being strictly construed if the creditor recovers less than the amount so claimed he is not entitled to attorney’s fees. Central Lumber Co. v. American Employers Ins. Co., La.App., 15 So.2d 229.
Plaintiff contends that, although the invoice figures were added and only the total figure demanded in its letter to the surety, each invoice was a separate contract and attorney’s fees are due on each contract, so that it is entitled to recover such fees on all of the invoices except the one upon which no recovery was had. We are unable to agree with this contention.
If we assume that the letter to the surety is a demand upon it within the meaning of the statute, an issue (see Harper v. Home Indemnity Company, La.App., 140 So.2d 653) we are not required to pass upon because of our position on the question of the amount claimed in that letter, plaintiff has claimed only one sum, $5,125.78, and has recovered $247.20 less than that amount. It has not recovered the full amount claimed and therefore cannot recover attorney’s fees under the statute.
This suit was instituted and the deposit was made prior to the effective date of the Code of Civil Procedure. Therefore, in connection with interest and costs, we are governed by the existing law at the time of the deposit, Articles 554 of the Code of Practice and 1938 of the LSA-Civil Code, and particularly by Articles 404-418 of the Code of Practice which are concerned with real tender. Under Code of Practice Arts. 404-418 a real tender does not merely exempt from costs but from interest as well. Frey v. Fitzpatrick-Cromwell Co., 108 La. 125, 32 So. 437.
The applicable article on tender is Art. 416 of the Code of Practice, which reads as follows:
“When the real tender has been made since the institution of the suit by the plaintiff, though the property has been placed in deposit as above prescribed, the defendant shall," ■ nevertheless, although the tender be declared valid, be condemned to pay the costs and all the expenses which have been incurred up to the date of such real tender; and the plaintiff shall be bound to pay only such costs as have arisen since his refusal to accept such real tender.” C.P. Art. 416.
It is argued that the deposit in the instant case cannot be considered as a real tender for the reason that it did not include costs which plaintiff had incurred prior to the time the deposit was made as required by Code of Practice Art. 407. But the quoted Art. 416 deals specifically with a tender made since the institution of suit, exactly the facts in the instant case. Therefore Art. 416, and not Art. 407, is the controlling article here. And Art. 416 does not contemplate that the costs shall be offered or deposited with the amount admittedly due. We reach this conclusion because the article states that the defendant shall “although the tender be declared valid, be condemned to pay the costs and all the expenses which have been incurred up to the date of such real tender”. Since the article requires that the defendant be condemned to pay the costs which have been incurred to the date of “such real tender” obviously the article does not contemplate or require that the costs be included in the deposit in order to constitute a real tender.
*231 In the instant case the defendant in its answer admitted liability of the amount in suit and deposited that full amount in the registry of court. Plaintiff had the right to withdraw the deposit, without prejudice to its claim for attorney’s fees, at any time after the deposit was made. Wun-derlich v. Simpkin, 5 La.App. 35. Under these circumstances our jurisprudence recognizes such a deposit as a tender which deprives the plaintiff of the right to obtain either costs or interest beyond the date of the deposit. Prilleux v. Metropolitan Life Ins. Co., La.App., 4 So.2d 768; Robertson v. Louisiana Industrial Life Ins. Co., La.App., 192 So. 385.
Under Art. 554 of the Code of Practice and Art. 1938 of the LSA-Civil Code interest at the rate of 5% shall be allowed on all debts from the time they become due unless otherwise stipulated. In the instant case no contention is made that interest should begin to run prior to date of judicial demand nor does the record establish with sufficient certainty when the indebtedness sued on became due prior to that time. We are therefore of the opinion that interest should begin to run from date of judicial demand.
We conclude the surety has made a real tender under Code of Practice Art. 416 and that plaintiff is entitled to legal interest only from date of judicial demand to the date the deposit was made in the registry of court and only to such costs as were incurred by it prior to the date the deposit was made in the registry of court.
For the reasons assigned, the judgment appealed from is amended only insofar as to award plaintiff legal interest on $4,710.43 from date of judicial demand until April 8, 1960, the date of the deposit in the registry of court, and all costs incurred prior to said date of deposit. As thus amended, and in all other respects, the judgment is affirmed; plaintiff to pay all costs other than those incurred prior to said date of deposit.
Amended and affirmed.